OPINION
{¶ 1} Appellant, Darcy Bates, appeals from the October 24, 2005 judgment entry of the Conneaut Municipal Court, in which she was sentenced for assault.
 {¶ 2} On August 1, 2005, a complaint was filed against appellant charging her with one count of assault, a misdemeanor of the first degree, in violation of R.C. 2903.13(A). On August 9, 2005, appellant entered a plea of not guilty at her initial appearance.
 {¶ 3} A bench trial was held on October 24, 2005.[1]
 {¶ 4} At the bench trial, Sue DiFilippo ("DiFilippo") testified for appellee, the state of Ohio, that on July 1, 2005, she witnessed appellant at a playground hollering at appellant's daughter and her ten-year-old niece ("the victim"). DiFilippo stated that appellant told the victim to "shut the hell up," called her a "troublemaker" and a "damn liar," as well as used profanities directed toward the victim including "bitch," "fuck," and "fucking." She described appellant's demeanor as extremely upset and angry. Due to DiFilippo's concern, she immediately called appellant's mother.
 {¶ 5} The victim testified for appellee that on the day at issue, appellant yelled and swore at her, as well as slapped her glasses partially off her face and poked her in the neck. She also stated that appellant shoved her a little bit.
 {¶ 6} Melissa Shelter ("Shelter"), the mother of the victim, testified for appellee that the victim was in the care of appellant at the time of the incident. She never gave appellant permission to physically or verbally discipline the victim. Shelter specifically told appellant more than once to "`just keep [her] hands off of [the victim].'"
 {¶ 7} Ray Shuster ("Shuster"), appellant's stepfather, testified for appellee that DiFilippo called his wife, indicating that one of them needed to pick up the victim because appellant had been drinking and abusing her. Shuster went to get the victim from appellant's home. He smelled alcohol on appellant, and said that she could hardly open the front door. Shuster indicated that the victim was upset.
 {¶ 8} According to appellant, children at the playground told her that the victim had hit them. She told the victim to sit in a chair, and explained to her that hitting is against the law and that she could go to jail for it. Appellant was upset with the victim because she would not shut up. She ushered the victim to the car. Appellant said that she never pushed, poked, or slapped the victim. In the car, appellant indicated that the victim apologized. She testified that she did not drink any alcohol at the playground. On cross-examination, appellant said that she was upset with the victim and probably used profanities at her.
 {¶ 9} Appellant was found guilty of assault by the trial court. Pursuant to its October 24, 2005 judgment entry, the trial court sentenced appellant to one hundred eighty days in jail, with one hundred seventy-eight days suspended, and placed her on supervised community control for five years. Appellant's sentence was stayed pending appeal. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 10} "[1.] The trial court erred to the prejudice of appellant, when the court failed to follow the mandate of Criminal Rule 5 and inform appellant of her rights at appellant's initial appearance which denied her right to trial by jury and due process of law.
 {¶ 11} "[2.] The trial court erred to the prejudice of appellant, by denying appellant's Rule 29 motion for acquittal when the evidence was insufficient to sustain a conviction for assault.
 {¶ 12} "[3.] The trial court erred to the prejudice of appellant, when it found appellant guilty of assault which was against the manifest weight of the evidence."
 {¶ 13} In her first assignment of error, appellant argues that the trial court erred by failing to follow the mandate of Crim.R. 5. She stresses that the trial court did not inform her of her rights at the initial appearance, which denied her right to trial by jury and due process of law.
 {¶ 14} We agree.
 {¶ 15} Crim.R. 5, which governs initial appearances and preliminary hearings, states, in relevant part, as follows:
 {¶ 16} "(A) Procedure upon initial appearance. — When a defendant first appears before a judge or magistrate, the judge or magistrate shall permit the accused or his counsel to read the complaint or a copy thereof, and shall inform the defendant:
 {¶ 17} "(1) Of the nature of the charge against him;
 {¶ 18} "(2) That he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Crim.R. 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel;
 {¶ 19} "(3) That he need make no statement and any statement made may be used against him;
 {¶ 20} "* * *
 {¶ 21} "(5) Of his right, where appropriate, to jury trial and the necessity to make demand therefore in petty offense cases."
 {¶ 22} Pursuant to Crim.R. 5(A)(5), the trial court must inform a defendant of his or her right to a jury trial during the initial appearance. State v. Stewart (Nov. 28, 2001), 5th Dist. No. 01CA002, 2001 Ohio App. LEXIS 5567, at 9. This court stated that a trial court's failure to inform an accused of his or her rights as required by Crim.R. 5 constitutes prejudicial error.State v. Fonseca (1997), 124 Ohio App.3d 231, 234, citingState v. Orr (1985), 26 Ohio App.3d 24, 25. A trial court's failure to comply with the provisions of Crim.R. 5 invalidates the entire proceeding. Mentor v. Carter (1994), 11th Dist. No. 93-L-104, 1994 Ohio App. LEXIS 1330, at 5, citing Cleveland v.Whipkey (1972), 29 Ohio App.2d 79; State v. Boerst (1973),45 Ohio App.2d 240, 241.
 {¶ 23} In the case at bar, again, appellant was charged with one count of assault, a misdemeanor of the first degree, in violation of R.C. 2903.13(A). Because appellant was charged with a first degree misdemeanor, which included the possibility of imprisonment, she is entitled to a trial by jury. R.C. 2945.17.
 {¶ 24} Our review of the transcript from appellant's August 9, 2005 initial appearance reveals that the trial court did not comply with Crim.R. 5(A). The trial court failed to inform appellant, who was unrepresented by counsel at such time, of her right to be tried by a jury. In fact, appellee concedes in its brief that the trial court failed to advise appellant of her right to trial by jury. As a result of the trial court's failure to satisfy Crim.R. 5(A)(5), the entire proceeding against her is invalid.
 {¶ 25} Appellant's first assignment of error is well-taken.
 {¶ 26} In light of our disposition of appellant's first assignment of error, appellant's second and third assignments of error are moot. Accordingly, the judgment of the Conneaut Municipal Court is reversed and the matter is remanded for further proceedings consistent with this opinion.
William M. O'Neill, J., Colleen Mary O'Toole, J., concur.
[1] Appellant requested a jury trial. However, appellant's request was denied by the trial court.