[Cite as *State v. Wilson*, 2019-Ohio-2965.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                                 :

    Plaintiff-Appellee,                    :    Case No.   19CA1084

    vs.                                           :

MICHAEL P. WILSON,                       :    DECISION AND JUDGMENT ENTRY


    Defendant-Appellant.              :
_____

APPEARANCES:

Craig M. Jaquith, Assistant State Public Defender, Columbus, Ohio, for appellant.[1]

C. David Kelley, Adams County Prosecuting Attorney, and Kris D. Blanton, Adams County
Assistant Prosecuting Attorney, West Union, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COUNTY COURT
DATE JOURNALIZED:   7-16-19
ABELE, J.

{¶ 1}   This is an appeal from an Adams County Court judgment of conviction and

sentence.   After a trial to the court, a judge found Michael Wilson, defendant below and appellant

herein, guilty of violating a protection order in violation of R.C. 2919.27.   The court sentenced

appellant to serve 180 days in jail.   Appellant assigns one error for review:

> ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED WHEN IT DID NOT INFORM MR.
> WILSON THAT HE HAD A RIGHT TO A JURY TRIAL, AND
> THAT HE WAS REQUIRED TO MAKE AN AFFIRMATIVE
> DEMAND FOR A JURY IF HE WANTED TO EXERCISE THAT

---

[1]Different counsel represented appellant during the trial court proceedings.

RIGHT.   CRIM.R. 5(A)(5). (AUG. 10, 2018, TR. 2)."

{¶ 2}   In May 2018, a court issued a domestic violence civil protection order against appellant, pursuant to R.C. 2919.26 and 3113.31, that required him to stay away from his father, step-mother and their property.   On July 12, 2018, the Adams County Sheriff's Department filed a complaint that stated that appellant's step-mother alleged that appellant violated the protection order.   At appellant's August 10, 2018 initial appearance, appellant pled not guilty and the court released him on his own recognizance.   Appellant, however, failed to appear for his September 17, 2018 final pretrial conference.   Consequently, on October 3, 2018 appellant was arrested.   The matter was then set for a November 5, 2018 bench trial.   When appellant appeared for trial, however, he tested positive for illegal drugs and the court remanded him into custody.   The court then rescheduled the trial for November 16, 2018.

{¶ 3}   At trial, Tina Wilson, appellant's step-mother, testified that on July 8, 2018 appellant appeared on her property in the passenger seat of a black pickup truck.   Wilson did not recognize the driver of the truck.   Initially, Wilson noticed the two men outside of the truck while parked on a hill near Wilson's son's (Jesse) residence.   After a few minutes, the two men got into the truck and the unidentified driver drove closer to Tina's home when she then informed appellant and the driver that the police were enroute.   At that point, the two men left the area.

{¶ 4}   Adams County Sheriff's Deputy Dakota Parks testified that he took the complaint for the protection order violation from Tina Wilson and later contacted appellant to take a statement.   Deputy Parks then advised appellant of his Miranda rights.   Appellant acknowledged that he knew about the protection order, but claimed that he had not been on the

property.

**{¶ 5}**   At trial appellant also testified on his own behalf.   Appellant stated that, on July 8, 2018, he was at a friend's house and he did not visit the property in question.

**{¶ 6}**   After hearing the evidence and counsels' arguments, the trial court found appellant guilty of violating a protection order in violation of R.C. 2919.27, a first degree misdemeanor.   The court sentenced appellant to serve 180 days in jail.   This appeal followed.

I.

**{¶ 7}**   In his sole assignment of error, appellant asserts that the trial court erred when it did not inform him, pursuant to Crim.R. 5(A)(5), that in a petty offense case (1) he had a right to a jury trial, and (2) he must make an affirmative demand for a jury if he desired to exercise that right.

**{¶ 8}**   Appellant claims that a review of his August 10, 2018 arraignment reveals the trial court failed to fully inform him of his right to a trial by jury.   The full text of the initial appearance exchange is as follows:

> COURT: Mr. Wilson it's alleged that on July 8th, out on Rosselot Road you violated a protection order and that you went to Tina Wilson's house.   She had to ask you to leave.   It carries with it up to six months in jail and a thousand dollar fine.   How do you wish to plead?
>
> MICHAEL P. WILSON: Not guilty, Your Honor.
>
> COURT: What is your address?
>
> MICHAEL P. WILSON: 120 Mound Street, West Union.
>
> COURT: You are still subject to terms of the Protection Order, I'll let you go today.   Stay off of Rosselot Road and stay away from her.   Do you got any questions about that?

MICHAEL P. WILSON: No sir.

COURT: If you come back in here it will be set with a long hearing date. Thank you.

MICHAEL P. WILSON: Thanks. Thank you.

**{¶ 9}** From the above exchange, it appears that the trial court did not comply with the Crim.R. 5(A) requirements. Here, appellant, appearing in court without counsel, was charged with one count of violating a protection order under R.C. 2919.27. This offense is a first degree misdemeanor and punishable by a maximum one-thousand dollar fine and a maximum six month term of imprisonment. R.C. 2929.24.

**{¶ 10}** An accused charged with a first degree misdemeanor is entitled to a trial by jury. *See* R.C. 2945.17; Section 10, Article I, Ohio Constitution. Pursuant to Crim.R. 5(A)(5), a court *must* inform an accused of his right to a jury trial during the accused's initial court appearance. It is mandatory that a court comply with this rule. *See State v. Stewart,* 5th Dist. Coshocton No. 01CA002, 2001 WL 1744692 (Nov. 28, 2001), *3; *State v. Boerst*, 45 Ohio App.2d 240, 241, 343 N.E.2d 141 (9th Dist.1973); *State v. Shurman,* 5th Dist. Stark No. 2000CA0009, 2000 WL 1028555 (Jul. 24, 2000) (Pursuant to Crim.R. 5(A)(5), the trial court must inform an accused of his right to jury trial during the accused's initial court appearance, and failure to do so invalidates the entire proceeding.)

**{¶ 11}** The appellee concedes that the trial court did not properly advise appellant at his initial appearance regarding his right to a jury trial. However, the appellee contends that, because counsel represented appellant later during the trial court proceeding, appellant should be deemed to have waived this issue. Appellee also cites a Fifth Circuit Court of Appeals case that

held "[v]acating convictions for lack of formal arraignment proceedings is predicated on the existence of possible prejudice.   * * * The record indicates a lack of prejudice resulting from the technical lack of formal arraignment proceedings and appellant has not shown otherwise, [therefore,] the conviction is affirmed."   *United States v. Rogers,* 469 F.2d 1317 (5th Cir.1972).

{¶ 12} In *State v. Bates*, 11th Dist. Ashtabula No. 2005-A-0078, 2006-Ohio-3777, the court considered a situation similar to the scenario in the case at bar.   In *Bates*, the defendant was charged, and, after a bench trial, subsequently convicted of assault.   The trial court had neglected to comply with Crim.R. 5(A)(5) during the defendant's initial appearance.   The *Bates* court wrote at ¶ 22:

> "Pursuant to Crim.R. 5(A)(5) the trial court must inform a defendant of his or her right to a jury trial during the initial appearance.   *State v. Stewart* (Nov. 28, 2001), 5th Dist. No. 01CA002, 2001 Ohio App. LEXIS 5567, at 9.   This court stated that a trial court's failure to inform an accused of his or her rights as required by Crim.R. 5 constitutes prejudicial error.   *State v. Fonseca* (1997), 124 Ohio App.3d 231, 234, citing *State v. Orr* (1985), 26 Ohio App.3d 24, 25.   A trial court's failure to comply with the provisions of Crim.R. 5 invalidates the entire proceeding.   *Mentor v. Carter* (1994), 11th Dist. No. 93-L-104, 1994 Ohio App. LEXIS 1330, at 5 citing *Cleveland v. Whipkey* (1972), 29 Ohio App.2d 79; *State v. Boerst* (1973), 45 Ohio App.2d 240, 241.
>
> In the case at bar, again, appellant was charged with one assault, a misdemeanor of the first degree, in violation of R.C. 2903.13(A).   Because appellant was charged with a first degree misdemeanor, which included the possibility of imprisonment, she is entitled to a trial by jury.   R.C. 2945.17.
>
> Our review of the transcript from appellant's August 9, 2005 initial appearance reveals that the trial court did not comply with Crim.R. 5(A).   The trial court failed to inform appellant, who was unrepresented by counsel at such time, of her right to be tried by a jury.   In fact, appellee concedes in its brief that the trial court failed to advise appellant of her right to trial by jury.   As a result of the trial court's failure to satisfy Crim.R. 5(A)(5), the entire proceeding against her is invalid."

{¶ 13} We agree with the *Bates* court about the importance of compliance with Crim.R. 5 and that a failure to comply with the rule may constitute prejudicial error.   See, also, *State v.*

*Boerst*, 45 Ohio App.2d 240, 343 N.E.2d 141; *Cleveland v. Whipkey*, 29 Ohio App.2d 79, 278 N.E.2d 374; *State v. Shurman*, 5th Dist. Stark No. 2000CA0009, 2000 Ohio App. LEXIS 3337. Moreover, in *Middletown v. McIntosh,* 12th Dist. Butler No. CA2006-07-174, 2007-Ohio-3348, the Twelfth District addressed a similar issue and observed that, because the trial court did not comply with the dictates of Crim.R. 5(A) at the time of appellant's initial appearance, the court thus failed to inform appellant of his rights and failed to ensure that he fully understood and intelligently relinquished his right to counsel. The court, therefore, held that the entire proceeding against the appellant was invalid.

{¶ 14} We readily acknowledge the arguable merit in the appellee's argument that appellant did, in fact, have the benefit of legal representation during the trial court proceedings after his initial appearance and that one could assume that his counsel must have advised appellant of his constitutional right to a trial by jury. However, while this could arguably be a valid assumption in most instances, the right to a trial by jury is one of the most important rights guaranteed in the United States Constitution. Thus, absent actual compliance with Crim.R. 5, or absent some later curative action undertaken by the trial court to affirmatively advise the appellant of his right to a trial by jury, we are reluctant to simply assume that, sometime during the course of the trial court proceeding, appellant must have been made aware of this important constitutional right. Thus, based upon the facts present in the case sub judice, we are reluctant to conclude that appellant waived this particular constitutional guarantee. The Twelfth District also had the opportunity to address the waiver issue and held that, because appellant was unrepresented at his initial appearance, waiver did not apply. *McIntosh* at ¶ 14.

{¶ 15} Accordingly, based upon the reasons set forth above, we conclude that the lack of

compliance with Crim.R. 5(A)(5) invalidates the proceeding.    Thus, we hereby sustain

appellant's sole assignment of error, reverse the trial court's judgment and remand this matter for

further proceedings consistent with this opinion.

                                      JUDGMENT REVERSED AND CAUSE
                                      REMANDED FOR FURTHER
                                      PROCEEDINGS CONSISTENT WITH
                                      THIS OPINION.

JUDGMENT ENTRY


It is ordered that the judgment be reversed and this cause remanded for further proceedings consistent with this opinion.  Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hess, J.: Concur in Judgment & Opinion


For the Court




BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.