[Cite as *State v. Trice*, 2019-Ohio-5098.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

MYLES M. TRICE

    Appellant

C.A. Nos.    29258
                 29283

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.   CR 2017 01 0085
                CR 2018 02 0558

DECISION AND JOURNAL ENTRY

Dated: December 11, 2019

CALLAHAN, Presiding Judge.

{¶1} Appellant, Myles Trice, appeals a judgment finding that he violated the terms of community control and imposing a prison term for his previous offenses. This Court affirms.

I.

{¶2} In 2017, Mr. Trice pleaded no contest to carrying concealed weapons and possession of marijuana. The trial court sentenced him to two years of community control. Approximately one year later, Mr. Trice pleaded guilty to violating the terms of his community control and, in a second criminal case, pleaded guilty to aggravated possession of drugs. On April 17, 2018, the trial court extended his community control for two years from the date of its order. The trial court reiterated several terms of community control that had previously been imposed and required Mr. Trice to "[e]nter and successfully complete the Oriana Halfway House program." The trial court also informed him that "violation of any sentence imposed may lead to

more restrictive sanctions * * * up to and including a prison term of 12 months, to run consecutively with the prison term in Case Number CR 2018 02 0558, for a total prison term of 18 months." The trial court's order in the second criminal case is similar to that in the first.

{¶3} Two months later, Mr. Trice pleaded guilty to a second community control violation after he was terminated from the Halfway House program for exhibiting aggression toward staff members. On July 5, 2018, the trial court continued his period of community control, reiterated the conditions previously imposed, and required Mr. Trice to "[e]nter into * * * and successfully complete the Community Based Correctional Facility Program operated by the Oriana House and follow through with all aftercare counseling and treatment as recommended." Approximately three months later, Mr. Trice was charged with a third community control violation after he was terminated from the Oriana House Community Based Correctional Facility Program ("CBCF"). Following a hearing, the trial court found Mr. Trice guilty of violating the terms of his community control. The trial court sentenced Mr. Trice to a prison term of 180 days in the first case and 90 days in the second case and ordered Mr. Trice to serve the terms consecutively.

{¶4} Mr. Trice appealed. His six assignments of error are rearranged for purposes of discussion.

## II.

### MOOTNESS

{¶5} As an initial matter, the State has argued that because Mr. Trice has served his prison terms, this appeal is moot. Mr. Trice responded to the State's position during oral argument. Because Mr. Trice was convicted of felonies, however, his appeal is not moot even though his sentence has been served. *See State v. Golston*, 71 Ohio St.3d 224 (1994), syllabus.

## ASSIGNMENT OF ERROR NO. 6

THE COURT FAILED TO ADVISE MR. TRICE OF HIS SANCTIONS AND RISK IN THE JEOPARDY OF HIS CCV VIOLATION BY FAILING TO TELL HIM AT ARRAIGNMENT WHAT HIS EXPOSURE WAS UPON A FINDING OF VIOLATION.

{¶6} In his sixth assignment of error, Mr. Trice appears to argue that the requirements of Crim.R. 5(A) apply to charges alleging community control violations and that the trial court failed to comply with those requirements in this case.

{¶7} Crim.R. 5(A), which sets forth the procedure that must be followed upon a defendant's initial appearance, requires a court to inform the defendant of the nature of the charges and, among other constitutional rights, "[t]hat the defendant need make no statement and any statement made may be used against the defendant[.]" The purpose of Crim.R. 5(A) is "to advise the accused of his constitutional rights and to inform him of the nature of the charge against him." *Hamilton v. Brown*, 1 Ohio App.3d 165, 168 (12th Dist.1981). Alleged deficiencies in a trial court's compliance with Crim.R 5(A) are forfeited if not raised by objection before trial. *Akron v. Lewis*, 179 Ohio App.3d 649, 2008-Ohio-6256, ¶ 9.

{¶8} Mr. Trice did not raise the trial court's alleged failure to comply with Crim.R. 5(A) and his argument that the Rule applies to community control revocation hearings by objection in the trial court, so he has forfeited all but plain error in connection with these arguments. In that respect, however, a community control revocation hearing is not a new proceeding for which a defendant must make an initial appearance, but a second sentencing hearing during which the trial court determines whether to impose one of the penalties provided by R.C. 2929.15(B)(1). *See State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, ¶ 11-13. Because "error * * * [is] the starting point for a plain-error inquiry," Mr. Trice's sixth

assignment of error is not well-taken. *See State v. Hill*, 92 Ohio St.3d 191, 200 (2001); Crim.R. 52(B).

{¶9} Mr. Trice's sixth assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED IN FINDING MR. TRICE VIOLATED THE TERMS OF HIS COMMUNITY CONTROL IN THAT THE STATE FAILED TO CARRY ITS BURDEN OF PROOF TO PROVIDE SUFFICIENT PERSUASION FOR VIOLATION.

{¶10} In his third assignment of error, Mr. Trice argues that the trial court's conclusion that he violated the terms of his community control is not supported by sufficient evidence. This Court disagrees.

{¶11} Because Mr. Trice has argued that the trial court's decision was not supported by sufficient evidence, this Court must determine whether the State has met its burden of production by presenting sufficient evidence to demonstrate a violation of community control. *See State v. Thompkins*, 78 Ohio St.3d 380, 390 (1997) (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). This Court has not determined whether the appropriate burden of proof at a community control revocation hearing is a preponderance of the evidence or substantial evidence, but we have affirmed a trial court's determination regardless when, as in this case, the evidence presented met either standard. *State v. Clark*, 9th Dist. Summit No. 26673, 2013-Ohio-2984, ¶ 5.

{¶12} "'The privilege of probation [or community control] rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege.'" (Alteration in original.) *State v. Russell*, 11th Dist. Lake No. 2008-L-142, 2009-Ohio-3147, ¶ 7, quoting *State v. Bell*, 66 Ohio App.3d 52, 57 (5th Dist.1990).

When an offender's community control is conditioned upon successful completion of a program such as CBCF, the State presents sufficient evidence of a violation by demonstrating that successful completion was a condition of community control, that the offender was terminated from the program without successfully completing it, and that the termination was not for a reason beyond the offender's control. *See Clark* at ¶ 7. Termination from a program that is a condition of community control may be beyond the control of the offender, for example, when it is caused by administrative burdens on the agency, such as lack of funding. *See State v. Pullen-Morrow*, 2d Dist. Montgomery No. 24862, 2012-Ohio-3605, ¶ 22. Similarly, an offender does not violate the terms of community control when terminated from a program because the program lacks the resources to deal with the offender's medical or mental conditions. *See State v. Noonan*, 12th Dist. Butler Nos. CA2018-10-203, CA2018-10-204, 2019-Ohio-2960, ¶ 21-27, citing *State v. Bleasdale*, 69 Ohio App.3d 68, 72 (11th Dist.1990).

{¶13} Mr. Trice's probation officer testified that Mr. Trice had been assigned to her supervision in April 2017 and that he remained under her supervision throughout his period of community control. She explained that each probationer is made aware of the conditions of their community control during intake and during their initial meeting with her, and she testified that Mr. Trice was terminated from the Oriana House CBCF without successfully completing the program for a behavioral problem that she characterized as "aggression toward staff." Mr. Trice, who also testified, acknowledged that successful completion of the CBCF program was a condition of his community control and that he did not do so.

{¶14} Viewing this evidence in the light most favorable to the State, the trial court could reasonably determine—by either measure of proof—that Mr. Trice violated the terms of his

community control by failing to successfully complete the Oriana House CBCF program.  Mr. Trice's third assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 4**

THE TRIAL COURT'S FINDING THAT [MR. TRICE] VIOLATED COMMUNITY CONTROL WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶15}  Mr. Trice's fourth assignment of error argues that the trial court's conclusion that he violated community control was against the manifest weight of the evidence.

{¶16}  When considering whether a judgment is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).  A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the trial court's judgment.  *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).  *Compare Eastley v. Volkman*, 132 Ohio St. 3d 328, 2012-Ohio-2179, ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001).

{¶17}  Mr. Trice maintains that the evidence does not support the conclusion that he violated the rules of the CBCF, so it cannot support the conclusion that he violated the terms of community control.  The fact that Mr. Trice disputes the validity of the reasons for his termination from CBCF, however, does not change the fact that he did not complete the program. *See State v. Miller*, 5th Dist. Richland No. 10CA50, 2011-Ohio-269, ¶ 20.

{¶18} Mr. Trice also suggests that the evidence at the hearing weighed heavily in favor of the conclusion that he was terminated from CBCF for reasons beyond his control. This Court disagrees. The parties agree that the situation that precipitated Mr. Trice's termination from CBCF occurred during a one-hour visit by his mother and toddler-age children. According to Mr. Trice's mother, Oriana House employees would not allow her to bring a double stroller or outside beverages into the visitation room. She acknowledged that she became belligerent during a confrontation with the visitation staff that followed, but she denied that Mr. Trice exhibited any signs of aggression.

{¶19} Mr. Trice's probation officer testified that Mr. Trice was terminated from CBCF for aggressive behavior toward the staff during this visitation. The Oriana House employee who supervised visitation testified that she was called to the visitation room on the day in question to resolve a problem. She explained that when she arrived in the visitation room, she saw that Mr. Trice's visitor was physically restraining him from the employee in the room and she heard Mr. Trice threaten to act out at the facility. Mr. Trice agreed that this witness responded to the visitation room, but denied that he was physically aggressive and that he threatened to act out in any way. He acknowledged that he was upset, but claimed that he expressed himself at all times in a normal speaking voice.

{¶20} This Court cannot agree that this evidence weighs heavily in favor of the conclusion that Mr. Trice was terminated from CBCF for reasons beyond his control. Both he and his mother acknowledged that tensions were high during the visitation and that his mother became noticeably angry with the employee supervising visitation. They denied that Mr. Trice became aggressive, but the testimony of the Oriana House supervisor who responded to the confrontation contradicted their testimony. Mr. Trice's probation officer was not present, but her

hearsay testimony can be afforded weight in community control proceedings, and that testimony supported the conclusion that Mr. Trice was terminated from CBCF for aggressive behavior toward employees.

{¶21} This is not the exceptional case in which the evidence weighed heavily against the trial court's conclusion. Mr. Trice's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 5

THE TESTIMONY OF THE PROBATION OFFICER WAS INSUFFICIENT FOR THE TRIAL COURT TO FIND TRICE GUILTY OF A COMMUNITY CONTROL VIOLATION AS THE TESTIMONY WAS HEARSAY.

{¶22} In his fifth assignment of error, Mr. Trice maintains that his probation officer's testimony about information contained in reports from Oriana House cannot provide support for the State's case because, as hearsay, it is unreliable. With the exception of rules regarding privilege, however, the Rules of Evidence do not apply in community control revocation hearings. Evid.R. 101(C)(3). Consequently, reliance on hearsay is not fatal to a trial court's decision. *Miller*, 2011-Ohio-269, at ¶ 20. To the extent that Mr. Trice argues that the probation officer's testimony was not credible, that argument goes to the weight of the evidence rather than to its sufficiency, and Mr. Trice's fifth assignment of error is overruled for the reasons set forth in this Court's discussion of his fourth assignment of error.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW AS STATED IN R.C. 2929.15(B)(1)(C)(I) AS THE FAILURE OF MYLES TRICE TO REPORT TO HIS PROBATION OFFICER WAS A "NON-REPORTING VIOLATION," AND, THEREFORE, A "TECHNICAL VIOLATION" BECAUSE IT WAS NOT A NEW FELONY OFFENSE AND THE COURT FOUND IT TO BE A TECHNICAL VIOLATION.

{¶23} In his first assignment of error, Mr. Trice appears to argue that the trial court violated R.C. 2929.15(B)(1)(c) by sentencing him to a prison term of longer than 180 days for a

technical violation of the terms of community control in Case Number CR 2017-01-0085. The trial court's sentencing entry, however, indicates that "[p]ursuant to R.C. 2929.15(B)(1)(c)(ii), the Defendant is to be committed to the OHIO DEPARTMENT OF REHABILITATION AND CORRECTION for a definite term of One Hundred and Eighty (180) days[.]" Although it is unclear whether Mr. Trice intended to include his sentence in Case Number CR 2018-02-0558 in this assignment of error, the trial court also limited his prison sentence in that case to 90 days pursuant to R.C. 2929.15(B)(1)(c)(i).

{¶24} Because the error that Mr. Trice complains of is not discernable from the trial court's journal entries, his first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE COURT ERRED IN ORDERING CONSECUTIVE SENTENCES AS IT DID NOT HAVE AUTHORITY TO DO SO, NOR DID IT ARTICULATE ANY REASONS FOR A CONSECUTIVE SENTENCE[.]

{¶25} Mr. Trice's second assignment of error argues that the trial court erred by imposing consecutive prison terms without making the findings required by R.C. 2929.14(C)(4). The State concedes this error, and this Court agrees. "Following a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 17, citing *State v. Martin*, 8th Dist. Cuyahoga No. 82140, 2003-Ohio-3381, ¶ 35. *See also State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, ¶ 15. R.C. 2929.14(C), which requires findings before the imposition of consecutive sentences in felony cases, is one such statute. *State v. Bika*, 11th Dist. Portage Nos. 2018-P-0096, 2018-P-0097, 2019-Ohio-3841, ¶ 34-44; *State v. Magee*, 6th Dist. Sandusky No. S-18-029, 2019-Ohio-1921, ¶ 25-26; *State v. McNeil*, 12th Dist. Warren No. CA2018-09-115, 2019-Ohio-1200, ¶ 20; *State v.*

*Scott*, 2d Dist. Montgomery No. 28039, 2019-Ohio-400, ¶ 19; *State v. Lariche*, 8th Dist. Cuyahoga No. 106106, 2018-Ohio-3581, ¶ 22-25; *State v. Rice*, 1st Dist. Hamilton No. C-140348, 2015-Ohio-5586, ¶ 14-15.

{¶26}    As noted above, however, Mr. Trice has served his complete prison term, and as the Ohio Supreme Court has observed, "[n]either this court's jurisprudence nor Ohio's criminal-sentencing statutes allow a trial court to resentence a defendant for an offense when the defendant has already completed the prison sanction for that offense." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 19.  Consequently, this Court sustains Mr. Trice's second assignment of error, but cannot reverse the trial court's judgment with respect to his sentence and remand for resentencing.

### III.

{¶27}  Mr. Trice's second assignment of error is sustained.  His first, third, fourth, fifth, and sixth assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
CONCURS.

HENSAL, J.
CONCURRING IN JUDGMENT ONLY.

{¶28} I agree with the majority's disposition of this case, but write separately to clarify why I believe Mr. Trice has not established error on appeal with respect to his challenges to the sufficiency and manifest weight of the evidence.

{¶29} In its journal entries ordering Mr. Trice to complete the CBCF program, the trial court stated that:

> [I]f the Defendant fails to follow the rules and regulations of the [CBCF] Program *as interpreted by the [CBCF] or probation staff*, said Defendant shall be taken into custody by the Summit County Sheriff's Office and/or Akron Police Department and transported to the Summit County Jail and held without bail until further order of this Court.

{¶30} (Emphasis added.) On appeal, Mr. Trice challenges the validity of the CBCF's decision to terminate him from the program for allegedly exhibiting aggressive behavior. He, however, has pointed this Court to no authority indicating that a trial court

can review the merits of the CBCF's decision in this regard. As the majority states, "[w]hen an offender's community control is conditioned upon successful completion of a program such as CBCF, the State presents sufficient evidence of a violation by demonstrating that successful completion was a condition of community control, that the offender was terminated from the program without successfully completing it, and that the termination was not for a reason beyond the offender's control." Here, there is no dispute that Mr. Trice's community control was conditioned upon his successful completion of the CBCF program, and that he failed to complete that program. Aside from arguing that he did not exhibit aggressive behavior, he has not presented a discernable argument that his termination was beyond his control. Further, his challenge to the manifest weight of the evidence focuses on the evidence relating to whether he exhibited aggressive behavior. This again presupposes that a trial court can review the merits of the CBCF's decision in this regard. I would overrule Mr. Trice's third and fourth assignments of error based upon the arguments presented, including Mr. Trice's failure to direct this Court to authority indicating that a trial court can review the merits of the CBCF's decision to terminate him from its program. I, therefore, concur in judgment only.

APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.