[Cite as *Akron v. Berenato*, 2023-Ohio-296.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| CITY OF AKRON | | C.A. No. 30089 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BEREICHY BERENATO | | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. 21 CRB 05075 |

## DECISION AND JOURNAL ENTRY

Dated: February 1, 2023

SUTTON, Judge.

**{¶1}** Defendant-Appellant Bereichy Berenato appeals from the judgment of the Akron Municipal Court. For the reasons that follow, we reverse and remand.

I.

**{¶2}** On July 5, 2021, Mr. Berenato was arrested and charged with one count of domestic violence in violation of Akron City Code 135.16, a misdemeanor of the first degree. At the time of his arrest, Mr. Berenato was not a citizen of the United States of America and did not speak English as his primary language. Mr. Berenato spoke Chuukese.

**{¶3}** On July 7, 2021, Mr. Berenato appeared via video conference for an arraignment in the Akron Municipal Court. The record indicates a foreign language interpreter was present at the hearing. However, there is no additional information in the record about the interpreter, such as the interpreter's identity or the language the interpreter spoke. The record indicates the trial court judge asked Mr. Berenato questions, but Mr. Berenato's responses to those questions, if any,

were not captured in the record. The record does not include any indication Mr. Berenato understood the proceedings. The record indicates counsel may have been present for Mr. Berenato, but the identity of the attorney representing Mr. Berenato was not captured in the record.

{¶4} On July 13, 2021, Mr. Berenato appeared again before the trial court, in front of the same judge that conducted his arraignment hearing a week earlier. Again, Mr. Berenato appeared by video conference from the Summit County Jail.

{¶5} The record for the July 13, 2021 hearing begins with the trial court asking an unidentified person if they were a Burmese or Bhutanese interpreter. Counsel for Mr. Berenato then wondered aloud if "this guy," possibly referring to Mr. Berenato, could hear the proceedings. Another unidentified person asked the judge what foreign language interpreter Mr. Berenato needed, and the judge responded that he did not know. An unidentified person then asked another unidentified person, possibly Mr. Berenato, what language he spoke. No response to that question was captured in the record.

{¶6} The trial court indicated that Mr. Berenato would be brought back to the court later in the week because the court was unable to ascertain what language Mr. Berenato spoke. The trial court told an unidentified speaker that Mr. Berenato's counsel would have to go to the jail later in the week to figure out what language Mr. Berenato spoke. The trial court, however, then ascertained Mr. Berenato spoke Chuukese, checked with the language line interpreters, and learned the language line did not have a Chuukese interpreter available. The trial court concluded the hearing by stating a future hearing date would be set once a foreign language interpreter was available.

{¶7} On July 20, 2021, a pre-trial hearing was held. The record reflects the hearing began with the trial court stating something that was inaudible to the court reporter. Mr. Berenato's

counsel stated he was going to speak slowly since an interpreter was present, but, again, no information about the interpreter was included in the record. Defense counsel then made a motion to dismiss the charges against Mr. Berenato on the grounds that the trial court failed to properly arraign Mr. Berenato in a timely manner and in violation of the Ohio Rules of Criminal Procedure.[1] Defense counsel indicated Mr. Berenato filed a written motion, and the trial court stated it had not read the motion. The City of Akron ("the City") informed the trial court it had received and reviewed Mr. Berenato's written motion the day before. The trial court asked defense counsel to argue the motion orally.[2] Defense counsel argued Mr. Berenato was not properly arraigned under the Ohio Rules of Criminal Procedure and the Ohio Revised Code.

{¶8}    The City responded by conceding there was a language barrier, but argued that there was no indication to court personnel that Mr. Berenato did not understand the proceedings during his earlier court appearance. The City argued the issue with the interpreter was not discovered "until we pressed the issue[.]" The City contended that the court should deny Mr. Berenato's motion because: (1) Mr. Berenato was able to go over the charges against him with his lawyer and an interpreter; (2) his lawyer was able to go over plea negotiations with Mr. Berenato during the prior week; and (3) "[the City] [had] moved as quickly as possible to bring forth and offer a negotiated plea * * *." The City further argued that the trial court should deny Mr. Berenato's

---

[1] While the transcript does not specifically mention "Crim.R. 5(A)," the record is clear that (1) defense counsel was making a motion to dismiss on the grounds that Ms. Berenato was not properly arraigned; (2) Mr. Berenato was not properly arraigned under the Ohio Rules of Criminal Procedure; and (3) Mr. Berenato was not properly arraigned under Ohio Revised Code Section 2937. Section 2937 governs arraignments, and R.C. 2937.02 contains a codification of Crim.R. 5(A).

[2] Loc.R. 15 indicates that motions may be made in writing or orally. Mr. Berenato's written motion was never filed with the clerk of courts and is not included in the record on appeal.

motion to dismiss because Mr. Berenato fully understood and was ready to accept the plea deal the City had quickly offered him.

{¶9} The trial court then issued a ruling on Mr. Berenato's motion. Without addressing the arguments that defense counsel made regarding the trial court's failure to properly arraign Mr. Berenato, the trial court denied the motion. The trial court indicated the delay between the initial appearance and securing the interpreter was only five days, and that it considered the five-day delay reasonable.[3]

{¶10} Next, with a Chuukese interpreter present, the trial court accepted Mr. Berenato's plea of no contest to one count of disorderly conduct. The transcript of the plea hearing does not show Mr. Berenato spoke at any point during the hearing. Rather, the record only contains the trial court's dialogue and captured what appears to be the trial court representing Mr. Berenato's responses to the trial court's questions.

{¶11} The trial court then sentenced Mr. Berenato to 30 days in the Summit County jail, with 14 days suspended and 16 days credit for time served, plus a fine of $100.

{¶12} Mr. Berenato appeals from that judgment of conviction, citing two assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED BY DENYING [MR. BERENATO'S] MOTION TO DISMISS AS THE COURT FAILED TO SECURE AN APPROPRIATE INTERPRETER AND THEREFORE DENIED [MR. BERENATO] THE RIGHT TO UNDERSTAND THE NATURE OF THE PROCEEDING AGAINST HIM[.]**

---

[3] The trial court's calculation of time was incorrect. Mr. Berenato was arraigned at his initial appearance on July 7, 2021, and did not appear in court with the correct interpreter until July 20, 2021, a period of thirteen days.

{¶13} In his first assignment of error, Mr. Berenato argues the trial court erred by failing to properly arraign him and apprise him of the nature of the proceedings against him in violation of both the Ohio Revised Code and the Ohio Rules of Criminal Procedure. For the reasons that follow, we agree.

{¶14} As part of a trial court's obligation to protect the federal and state constitutional rights of the accused, Crim.R. 5(A) sets forth the procedure that must be followed upon a defendant's initial appearance. This Court has previously noted that "[t]he purpose of Crim.R. 5(A) is 'to advise the accused of his constitutional rights and to inform him of the nature of the charge against him.'" *State v. Trice*, 9th Dist. Summit Nos. 29258, 29283, 2019-Ohio-5098, ¶ 7, quoting *Hamilton v. Brown*, 1 Ohio App.3d 165, 168 (12th Dist.1981). Crim.R. 5(A) states as follows:

> (A) When a defendant first appears before a judge or magistrate, the judge or magistrate shall permit the accused or the accused's counsel to read the complaint or a copy thereof, and shall inform the defendant:
>
> (1) Of the nature of the charge against the defendant;
>
> (2) That the defendant has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Crim. R. 44, the right to have counsel assigned without cost if the defendant is unable to employ counsel;
>
> (3) That the defendant need make no statement and any statement made may be used against the defendant;
>
> (4) Of the right to a preliminary hearing in a felony case, when the defendant's initial appearance is not pursuant to indictment;
>
> (5) Of the right, where appropriate, to jury trial and the necessity to make demand therefor in petty offense cases.

{¶15} "Alleged deficiencies in a trial court's compliance with Crim.R 5(A) are forfeited if not raised by objection before trial." *Trice* at ¶ 7, citing *Akron v. Lewis*, 179 Ohio App.3d 649,

2008-Ohio-6256, ¶ 9. Here, the record shows Mr. Berenato raised the issue of the trial court's noncompliance with Crim.R. 5(A) in making his motion to dismiss, thus preserving the issue for this Court's review.

{¶16} In a case similar to the case *sub judice*, the Eleventh District Court of Appeals, in *State v. Bates*, 11th Dist. Ashtabula No. 2005-A-0078, 2006-Ohio-3777, considered a trial court's failure to advise a defendant of his or her right to a jury trial during the initial appearance as required by Crim.R. 5(A). In that case, the defendant was charged with a misdemeanor of the first degree that included the possibility of imprisonment, and, therefore, was entitled to a jury trial. After reviewing the record, the *Bates* Court concluded the trial court had failed to comply with Crim.R. 5(A). The *Bates* Court also noted that a trial court's failure to inform an accused of his or her rights as required by Crim.R. 5(A) constituted prejudicial error. *Bates* at ¶ 22. As a result of the trial court's failure to satisfy Crim.R. 5(A), the *Bates* Court found that the entire proceeding against the defendant was invalid. *Id*. at ¶ 24.

{¶17} Similarly, the Fourth District Court of Appeals addressed the effect of a trial court's failure to comply with Crim.R. 5(A) in a first-degree misdemeanor proceeding in *State v. Wilson*, 4th Dist. Adams No. 19CA1084, 2019-Ohio-2965, ¶ 10-15, stating:

> An accused charged with a first degree misdemeanor is entitled to a trial by jury. Pursuant to Crim.R. 5(A)(5), a court *must* inform an accused of his right to a jury trial during the accused's initial court appearance. It is mandatory that a court comply with this rule.
>
> * * *
>
> We agree with the *Bates* [C]ourt about the importance of compliance with Crim.R. 5 and that a failure to comply with the rule may constitute prejudicial error. Moreover, in *Middletown v. McIntosh*, 12th Dist. Butler No. CA2006-07-174, 2007-Ohio-3348, the Twelfth District addressed a similar issue and observed that, because the trial court did not comply with the dictates of Crim.R. 5(A) at the time of appellant's initial appearance, the court thus failed to inform appellant of his rights and failed to ensure that he fully understood and intelligently relinquished

his right to counsel. The court, therefore, held that the entire proceeding against the appellant was invalid.

We readily acknowledge the arguable merit in the appellee's argument that appellant did, in fact, have the benefit of legal representation during the trial court proceedings after his initial appearance and that one could assume that his counsel must have advised appellant of his constitutional right to a trial by jury. However, while this could arguably be a valid assumption in most instances, the right to a trial by jury is one of the most important rights guaranteed in the United States Constitution. Thus, *absent actual compliance with Crim.R. 5, or absent some later curative action undertaken by the trial court to affirmatively advise the appellant of his right to a trial by jury*, we are reluctant to simply assume that, sometime during the course of the trial court proceeding, appellant must have been made aware of this important constitutional right. Thus, based upon the facts present in the case sub judice, we are reluctant to conclude that appellant waived this particular constitutional guarantee. The Twelfth District also had the opportunity to address the waiver issue and held that, because appellant was unrepresented at his initial appearance, waiver did not apply.

Accordingly, based upon the reasons set forth above, we conclude that the lack of compliance with Crim.R. 5(A)(5) invalidates the proceeding. Thus, we hereby sustain appellant's sole assignment of error, reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

(Internal citations omitted and emphasis added.) The Sixth District has also held that a trial court must comply with Crim.R. 5(A), stating specifically with respect to Crim.R. 5(A) that a trial court's "[c]ompliance with Crim.R. 5 is mandatory." *State v. Gearig*, 6th Dist. Williams No. WM-09-012, 2010-Ohio-939, ¶ 11.

{¶18} Here, a review of the transcript of Mr. Berenato's initial appearance indicates the trial court failed to follow the requirements of Crim.R. 5(A). The trial court failed to inform Mr. Berenato that he had a right to counsel pursuant to Crim.R. 5(A)(2), failed to inform Mr. Berenato that he need not make any statement that may be used against him pursuant to Crim.R. 5(A)(3), and failed to inform Mr. Berenato that he had a right to a jury trial pursuant to Crim.R. 5(A)(5). The rights contained within Crim.R. 5(A) encapsulate some of the most fundamental rights guaranteed in the state and federal constitutions. And, like the *Wilson* Court, we agree that the

right to a jury trial "is one of the most important rights guaranteed in the United States Constitution." *Wilson* at ¶ 14. Indeed, "[f]or centuries it has been held that the right of trial by jury is a fundamental constitutional right, a substantial right ***." *Cleveland Ry. Co. v. Halliday*, 127 Ohio St. 278, 284 (1933). Further, the Ohio Supreme Court has said, under Crim.R. 52(A) [4]: "the *government* bears the burden of demonstrating that the error did not affect the substantial rights of the defendant." (Emphasis sic.) *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, ¶ 15.[5]

{¶19} While, as discussed by the *Wilson* Court, there may be situations where a trial court undertakes a curative action to affirmatively advise a defendant of their rights after failing to do so at the defendant's initial appearance, this record shows no such curative action was taken by the trial court. Further, the trial court erred in failing to advise Mr. Berenato of a fundamental constitutional right. The State has not met its burden to demonstrate the trial court's error did not affect the substantial rights of Mr. Berenato. *See* Crim.R. 52(A); *Perry, supra*.

{¶20} Mr. Berenato also correctly argues the trial court failed to properly secure an interpreter to ensure he understood the nature of the proceedings against him. As this Court recently stated in *State v. Lopez-Olmedo*, 9th Dist. Lorain No. 21CA011745, 2022-Ohio-2817, ¶ 9:

---

[4] Crim.R. 52 states: "(A) Harmless Error. Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. (B) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

[5] With regard to the burden shifting under Crim.R. 52(A), the Ohio Supreme Court in *Perry* at ¶ 15, stated: "This burden-shifting device is dictated by a subtle but important difference in language between the two parts of Rule 52: While Rule 52(a) precludes error correction only if the error does not affect substantial rights, Rule 52(b) authorizes no remedy unless the error does affect substantial rights. An appellate court must reverse a conviction if the government does not satisfy this burden; unlike Crim.R. 52(B), Crim.R. 52(A) is mandatory, not permissive, and thus affords the appellate court no discretion to disregard the error." (Internal quotations and citations omitted.)

> In Ohio, R.C. 2311.14 establishes the right to a court-appointed interpreter and case law has confirmed that right. R.C. 2311.14(A) provides that a qualified interpreter shall be appointed to assist in legal proceedings where a party or witness is unable to communicate or understand due to an impairment, such as speaking a language other than English. Additionally, Sup.R. 88 provides guidance to the courts regarding when to appoint a foreign language interpreter in a case: a foreign language interpreter shall be appointed by the court for a party or witness with limited English proficiency or who is non-English speaking when the court determines, either by motion or sua sponte, that the services of the interpreter are necessary for the meaningful participation of the party or witness. *The failure to appoint an interpreter for a non-English speaking or limited-English proficient criminal defendant compromises the defendant's right to due process.*

(Emphasis added and internal quotations and citations omitted). In *Lopez-Olmedo*, we also stated that "[w]hile the trial court has discretion on how this is accomplished, it nonetheless 'must be accomplished.'" *Id*. at ¶ 10, quoting *State v. Pina*, 49 Ohio App.2d 394, 399 (2nd Dist.1975). "An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'"" *Lopez-Olmedo* at ¶ 10, quoting *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

**{¶21}** Here, the record indicates Mr. Berenato was initially arraigned on July 7, 2021, but was not present in court with an interpreter until July 20, 2021. Despite discovering that Mr. Berenato had appeared before the trial court without a proper interpreter, the trial court undertook no curative action to advise Mr. Berenato of his rights or ensure he understood the proceedings in which he was participating. There is no evidence in the record that at any point during the proceedings, Mr. Berenato was able to understand the proceedings in a meaningful way. Further, when a foreign language interpreter was present during the July 20, 2021 hearing, the trial court

failed to capture in the record any information regarding the certification and/or experience, knowledge, and training of the foreign language interpreter.[6]

{¶22} Accordingly, based on this record, we conclude the trial court's lack of compliance with Crim.R. 5(A), and the trial court's failure to properly secure an interpreter, invalidates the proceedings against Mr. Berenato. *See Wilson*, 2019-Ohio-2965, at ¶ 15, *Bates*, 2006-Ohio-3777, at ¶ 24. For all of the foregoing reasons, this assignment of error has merit. Mr. Berenato's guilty plea must be vacated and this cause remanded for further proceedings starting with the initial appearance.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED IN ACCEPTING [MR. BERENATO'S] PLEA OF NO CONTEST AS THE RECORD INDICATED A COMPLETE FAILURE BY THE COURT TO COMPLY WITH THE REQUIREMENTS OF CRIMINAL RULE 11[.]**

{¶23} In his second assignment of error, Mr. Berenato argues the trial court failed to comply with the requirements of Crim.R. 11 in accepting his no contest plea. Due to our resolution of Mr. Berenato's first assignment of error, Mr. Berenato's second assignment of error is moot. *See* App.R. 12(A)(1)(c).

III.

---

[6] Sup.R. 88(D)(1) states that: "a court shall appoint a Supreme Court certified foreign language interpreter to participate in-person at the case or court function." Pursuant to Sup.R. 88(D)(2), when a Supreme Court certified foreign language interpreter is not available, "[t]he court shall summarize on the record its efforts to obtain a Supreme Court certified foreign language interpreter to participate in-person at the case or court function and the reasons for using a provisionally qualified foreign language interpreter." Finally, pursuant to Sup.R. 88(D)(3), when using a provisionally qualified foreign language interpreter, a "court shall summarize on the record its efforts to obtain a Supreme Court certified foreign language interpreter or provisionally qualified foreign language interpreter to participate in-person at the case or court function and the reasons for using a language-skilled foreign language interpreter. The language-skilled foreign language interpreter's experience, knowledge, and training should be stated on the record." Here, no information about the foreign language interpreter was captured in the record.

**{¶24}** For the reasons stated above, Mr. Berenato's plea is vacated, and the cause is remanded to the Akron Municipal Court for proceedings consistent with this decision.

Judgment reversed,
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶25} I concur in the majority's judgment. While I agree that this matter needs to be reversed, I would not do so on the same basis as the majority, as I would sustain Berenato's second assignment of error and overrule his first.

{¶26} As to Berenato's first assignment of error, I would conclude that his oral motion to dismiss, as reflected in this Court's record, was insufficient to preserve the arguments he now makes. *See State v. Trice*, 9th Dist. Summit Nos. 29258, 29283, 2019-Ohio-5098, ¶ 8. Much of his counsel's statements on the record during that hearing are labeled as inaudible in the transcript. Crim.R. 5(A) is not mentioned at all. Nor was the record supplemented to fill in the missing details. Moreover, while Berenato's trial counsel asserted a motion to dismiss was filed, that, too, is not a part of the record.

{¶27} Accordingly, Berenato is limited to arguing plain error on appeal. *See id.* He has not done so, and, therefore, has not met his burden on appeal. Thus, in analyzing his argument, I would not conclude that any failure to comply with Crim.R. 5(A) in this case resulted in the invalidation of the proceedings. As stated by the Fourth District in *State v. Wilson*, 4th Dist. Adams No. 19CA1084, 2019-Ohio-2965, ¶ 13, "a failure to comply with [Crim.R. 5] *may* constitute prejudicial error." (Emphasis added.). While it is true that the courts in both *Wilson* and *State v. Bates*, 11th Dist. Ashtabula No. 2005-A-0078, 2006-Ohio-3777, did conclude that the failure to comply with Crim.R. 5(A) invalidated the proceedings, the facts of those cases are distinguishable from the facts of the case before this Court. *Wilson* at ¶ 15; *Bates* at ¶ 24. In both *Wilson* and *Bates*, the defendant was not informed of the right to a jury trial and then was subject to a bench trial. *See Wilson* at ¶ 1, 9-10; *Bates* at ¶ 3, 24. The prejudice in both cases is obvious: both appellants were denied the very right about which they were not informed. The same cannot be

said here as Berenato did not take his case to trial. Further, as noted above, Berenato did not demonstrate the error affected the outcome of the proceedings. *See State v. Staples*, 9th Dist. Medina No. 21CA0050-M, 2022-Ohio-3472, ¶ 28.

{¶28} Instead, I would sustain Berenato's second assignment of error. "A plea is invalid where it has not been entered in a knowing, intelligent, and voluntary manner." *Akron v. Lewis*, 9th Dist. Summit No. 30166, 2022-Ohio-3468, ¶ 21, quoting *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 4. "Crim.R. 11 sets forth distinct procedures, depending upon the classification of the offense involved. For a petty offense, * * * the court is instructed that it 'may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.'" *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 11, quoting Crim.R. 11(E). Further, "[i]t is well established that a defendant in a criminal case is entitled to hear the proceedings in a language he can understand. While the trial court has discretion on how this is accomplished, it nonetheless must be accomplished." (Internal quotations and citations omitted.) *State v. Lopez-Olmedo*, 9th Dist. Lorain No. 21CA011745, 2022-Ohio-2817, ¶ 10.

{¶29} Here, Berenato had an interpreter during the plea hearing. However, the record does not disclose any of the qualifications of the interpreter and also indicates that, at times, there was a lack of interpretation. The trial court initially stated that a plea of no contest is an admission to the truth of the facts in the complaint, but not an admission of guilt; however, the trial court had to start again as the interpreter was not interpreting. The trial court then stated that "a plea of no contest is an admission of guilt, but it permits the Court to make a finding of guilty or not guilty." That statement is incorrect. *See* Crim.R. 11(B)(2). The trial court asked Berenato if he understood that, but there is no verbal reply from either the interpreter or Berenato. Thus, the record does not

support that the trial court correctly informed Berenato of the requirements under Crim.R. 11(E) or that Berenato understood what the trial court incorrectly informed him. Moreover, nothing in the record indicates that Berenato orally entered a plea, despite the trial court making a finding of guilt. In fact, the record is replete with instances of the trial court responding to its own questions with no verbal response from either the interpreter or Berenato.

{¶30} Given the foregoing, I would conclude that the trial court completely failed to comply with its duties under Crim.R. 11 and so Berenato did not need to demonstrate prejudice. *See State v. Johnson*, 9th Dist. Summit No. 27550, 2016-Ohio-480, ¶ 10; *State v. Brown*, 9th Dist. Lorain No. 19CA011588, 2021-Ohio-3443, ¶ 10-11. Accordingly, I would sustain Berenato's second assignment of error.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and KIRSTEN L. SMITH, Assistant Director of Law, for Appellee.