**[Cite as *State v. Beauchamp*, 2022-Ohio-738.]**

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210340 |
| | | TRIAL NO. 20CRB-23081 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| CARLOS BEAUCHAMP, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: March 11, 2022

*Andrew W. Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Ashton Tucker*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Judge.**

{¶1} Carlos Beauchamp appeals his conviction for criminal damaging arguing that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence, and the trial court erred by imposing a no-contact order when he was not placed on community control. For the following reasons, we remand the cause to the trial court with an instruction to vacate the no-contact order and affirm the trial court's judgment in all other respects.

## Factual Background

{¶2} On December 4, 2020, Carlos Beauchamp was charged with criminal damaging in violation of R.C. 2909.06(A), a misdemeanor of the second degree, for damaging a vehicle owned by Ebony Molden. Beauchamp pled not guilty and proceeded to a bench trial.

{¶3} At the trial, Molden testified that she had dated Beauchamp from approximately March to August 2020. While they were dating, Beauchamp had given her $4,000 to purchase a Nissan Maxima. Molden did not have the title because she still owed a payment to the lender.

{¶4} Molden testified that while she was at work, she walked outside and saw Beauchamp breaking the back window of her car with a crow bar. The front windshield and headlights had also been broken. Although Beauchamp was wearing a green mask, Molden recognized him, and began chasing him. While she was chasing him, Beauchamp stated that the car was his.

{¶5} Molden further testified that she chased him down a hill and onto Beekman Street where she saw a police cruiser. The cruiser stopped, and an officer asked where she was going. Molden told the officer that her car had just been

damaged by Beauchamp. Molden filed a police report with the officers.

{¶6} Officer Caleh Parker testified that he was on duty that day. Parker and his partner were eating lunch in their cruiser while parked in a parking lot. They heard a shattering sound and screaming, so they pulled onto Beekman Street. They jumped out of the car, and a man and a woman were running toward them on the sidewalk. The man was wearing a green mask and had something in his hand. Parker went to the woman, who was screaming, to make certain that she was not injured. After speaking with Molden, Parker noticed that the man had run into the woods. At some point, Parker and his partner ran after the man, but could not find him.

{¶7} Parker accompanied Molden to her car. The front windshield was damaged, the headlights were broken, and the entire back window was broken. He confirmed that the car was registered to Molden. Molden identified Beauchamp as the person who damaged her car. After Parker testified, the state rested.

{¶8} Beauchamp testified on his own behalf. He testified that he had purchased lunch for his daughter from Chipotle that day. While Beauchamp was eating lunch with his daughter, Molden called, and he did not answer the phone. When she called again, he answered, and she accused him of damaging her car. Beauchamp denied damaging the car.

{¶9} Beauchamp further testified that he had paid for most of Molden's car, and Molden was going to repay him when her business picked up. Beauchamp told Molden to either repay him or give him the car. Molden agreed to give him the car if he paid her an additional amount of money.

{¶10} After Beauchamp's testimony, the defense rested, and the trial court found Beauchamp guilty. The court sentenced him to 20 days' incarceration, remitted the costs, and ordered him to stay away from Molden.

{¶11} Beauchamp appeals, raising two assignments of error.

Sufficiency and Manifest Weight

{¶12} In his first assignment of error, Beauchamp contends his conviction was not supported by sufficient evidence and ran contrary to the manifest weight of the evidence. In reviewing a challenge to the sufficiency of the evidence, a reviewing court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime had been proved beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶13} When considering a challenge to the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). We afford substantial deference to credibility determinations because the factfinder sees and hears the witnesses. *See State v. Glover*, 1st Dist. Hamilton No. C-180572, 2019-Ohio-5211, ¶ 30.

{¶14} Beauchamp argues that the state failed to prove that he was the person who damaged the vehicle while wearing a green mask. Essentially, Beauchamp contends that there was no testimony regarding the physical description of the perpetrator, and no evidence that he was the man in the mask. Further, Beauchamp

denied damaging the vehicle and testified that he was having lunch with his daughter at the time of the incident.

{¶15} However, Molden testified that she saw Beauchamp break the back window of her car with a crow bar. Molden, who had dated Beauchamp for five months, recognized him despite the mask. Additionally Molden testified that Beauchamp claimed the car was his while she was chasing him. Although Beauchamp testified that he was having lunch when the car was damaged, the trial court believed Molden's testimony

{¶16} Viewing the evidence in a light most favorable to the prosecution, the testimony was sufficient to establish that Beauchamp damaged the vehicle. We cannot say that the trial court clearly lost its way and created a manifest miscarriage of justice. We overrule the first assignment of error.

## No-contact Order

{¶17} Next, Beauchamp argues that the trial court erred by imposing a no-contact order because Beauchamp was not placed on community control. A no-contact order is a community-control sanction. *See State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 17. A trial court can either impose community control or incarceration. *Id.* at ¶ 31. Here, the trial court did not impose community control and was not authorized to impose a community-control sanction. *Id.* at ¶ 32. The state also concedes the error. Accordingly, we sustain the second assignment of error.

## Conclusion

{¶18} We overrule the first assignment of error and sustain the second assignment of error. We remand the cause to the trial court with an instruction to

vacate the no-contact order.

Judgment affirmed in part, reversed in part, and cause remanded.

**MYERS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry this date.