[Cite as *State v. Barnes*, 2022-Ohio-1738.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-210345 |
| | | C-210346 |
| Plaintiff-Appellee, | : | C-210347 |
| | | C-210348 |
| vs. | : | TRIAL NOS. C-20CRB-20040A |
| | | 21CRB-2991 |
| BRIAN BARNES, | : | 21CRB-1632 |
| | | 20CRB-23750 |
| Defendant-Appellant. | : | |
| | | *O P I N I O N.* |

Criminal Appeals From:   Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: May 25, 2022

*Andrew Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Rebecca Barnett*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Defendant-appellant Brian Barnes appeals the trial court's sentences on four misdemeanor convictions suspending the jail term in the case numbered 21CRB-2991, imposing three consecutive 180-day jail sentences in the cases numbered C-20CRB-20040A, 21CRB-1632, and 20CRB-23750, calculating jail-time credit, imposing no-contact orders, and ordering restitution. For the following reasons, we reverse the suspended sentence and remand the cause to the trial court to correct the sentence and the jail-time credit, and to vacate the no-contact order consistent with this opinion. The judgments of the trial court are otherwise affirmed.

### Factual Background

{¶2} Brian Barnes pled guilty to assault in the case numbered C-20CRB-20040A, and three counts of theft in the cases numbered 21CRB-2991, 21CRB-1632, and 20CRB-23750. In the assault case, and two of the theft cases, the court sentenced Barnes to a jail term of 180 days, to be served consecutively, with credit for time served. In the theft case numbered 21CRB-2991, the trial court imposed a sentence of 180 days in jail, suspended 176 days, credited 14 days, and placed Barnes on two years of community control and imposed a no-contact order. The court ordered Barnes to pay restitution for the thefts.

### The Jail Terms

{¶3} In his first assignment of error, Barnes contends that the trial court erred when it imposed a suspended jail term and placed Barnes on community control at the same time it imposed three consecutive 180-day jail terms and miscalculated his jail-time credit.

{¶4} Barnes first argues that the trial court erred by imposing consecutive sentences that exceeded the aggregate jail term of 18 months in violation of R.C. 2929.41(B)(1). Ordinarily, an appellate court reviews misdemeanor sentencing for an abuse of discretion. *State v. James*, 1st Dist. Hamilton No. C-040215, 2005-Ohio-1996, ¶ 14, citing *State v. Beachy*, 9th Dist. Wayne No. 02CA0020, 2003-Ohio-1285, ¶ 4. However, when a trial court does not comply with the applicable sentencing statutes, we apply a de novo standard of review. *See State v. Walker*, 7th Dist. Mahoning No. 08MA103, 2009-Ohio-1503, ¶ 10; *State v. Watkins*, 7th Dist. Jefferson No. 07JE54, 2008-Ohio-6634, ¶ 24.

{¶5} Under R.C. 2929.41(B)(1), consecutive jail terms for misdemeanors "shall not exceed eighteen months." In this case, Barnes was sentenced to three consecutive jail terms of 180 days in the cases numbered C-20CRB-20040A, 20CRB-23750, and 21CRB-1632. In addition to the jail terms, the trial court imposed a community-control sentence in the case numbered 21CRB-2991.

{¶6} Misdemeanor community-control sentences are governed by R.C. 2929.25(A)(1). In imposing community control, a trial court may:

(a) Directly impose a sentence that consists of one or more community control sanctions authorized by section 2929.26, 2929.27, or 2929.28 of the Revised Code. The court may impose any other conditions of release under a community control sanction that the court considers appropriate. If the court imposes a jail term upon the offender, the court may impose any community control sanction or combination of community control sanctions in addition to the jail term.

(b) Impose a jail term under section 2929.24 of the Revised Code from the range of jail terms authorized under that section for the offense, suspend all or a portion of the jail term imposed, and place the offender under a community control sanction or combination of community control sanctions authorized under section 2929.26, 2929.27, or 2929.28 of the Revised Code.

{¶7} In the case numbered 21CRB-2991, the trial court did not sentence Barnes directly to community control. Instead, the court imposed a 180-day jail term on Barnes, suspended the jail term, and placed Barnes on two years of community control. This sentence was not run consecutively to the sentences imposed in the cases numbered C-20CRB-20040A, 21CRB-1632, and 20CRB-23750. Under R.C. 2929.41(B)(1), misdemeanor jail sentences are to be served concurrently unless the trial court specifies consecutive sentences. *See State v. Fankle*, 2015-Ohio-1581, 31 N.E.3d 1290, ¶ 1 (2d Dist.).

{¶8} Thus Barnes was sentenced to an aggregate jail term of 540 days. The first issue is whether the 540 days exceeds the maximum aggregate term of 18 months. In computing months, R.C. 1.45 states: "If a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun, unless there are not that many days in the concluding month, in which case the period ends on the last day of that month."

{¶9} Barnes was sentenced on June 8, 2021. The maximum jail term of 18 months ends on December 8, 2022, for a total of 548 days. Therefore, Barnes's aggregate sentence of 540 days does not exceed the 18-month statutory maximum.

Barnes's aggregate jail sentence is eight days less than the maximum aggregate term of 18 months. Thus the suspended jail sentence in the case numbered 21CRB-2991 must be limited to eight days. Therefore, if Barnes violates his community control in the case numbered 21CRB-2991, and the court imposes a jail term, the maximum number of days the court could impose is eight. *See* R.C. 2929.25(D)(4) (stating that "the total time spent in jail for the misdemeanor offense and the violation of a condition of the community control sanction shall not exceed the maximum jail term available for the offense for which the sanction that was violated was imposed.").

{¶10} Next, Barnes contends that the trial court failed to properly calculate his jail-time credit. In the case numbered 21CRB-2991, the trial court gave Barnes credit for 14 days. In the cases numbered 21CRB-1632 and C-20CRB-20040A, the trial court ordered that Barnes receive jail-time credit but did not include the number of days he was entitled to receive.

{¶11} Under R.C. 2949.08(C), Barnes's jail-term sentence should be reduced "by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced." When concurrent terms are imposed, jail-time credit is applied to all of the terms of incarceration. *See State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E. 2d 440, ¶ 12. "When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence." *Id*. at ¶ 22.

{¶12} Here, Barnes was sentenced to three consecutive terms and one concurrent term. He was given 14 days credit on the concurrent term, and an unspecified number of days credit on two of the consecutive terms. Barnes is entitled

to 14 days on the concurrent term in addition to 14 days on one of the consecutive terms. *See id.* Because Barnes has already served the jail terms imposed in the cases numbered 20CRB-23750 and C-20CRB-20040A, Barnes is entitled to a jail-time credit of 14 days on the case numbered 21CRB-1632.

{¶13} Accordingly, we sustain the first assignment of error, vacate the sentence in 21CRB-2991, and remand the cause to the trial court to modify the sentence to reflect that the suspended jail sentence is limited to eight days. We also order the court to properly award jail-time credit of 14 days in the case numbered 21CRB-1632 since Barnes has not yet begun to serve that sentence.

### The No-Contact Order

{¶14} In his second assignment of error, Barnes argues that the trial court erred when it ordered him to stay away from the prosecuting witnesses in the cases numbered C-20CRB-20040A, 20CRB-23750, and 21CRB-1632 as this is a community-control sanction, and he was not placed on community control in these cases.

{¶15} "A no-contact order is a community control sanction. A trial court can either impose community control or incarceration." *State v. Beauchamp*, 1st Dist. Hamilton No. C-210340, 2022-Ohio-738, ¶ 17. In the cases numbered C-20CRB-20040A, 20CRB-23750, and 21CRB-1632, the trial court imposed incarceration and was not authorized to impose a community-control sanction. The state also concedes the error.

{¶16} We sustain the second assignment of error and remand the cause to the trial court with an instruction to vacate the no-contact orders.

### The Restitution

**{¶17}** Next Barnes contends that the trial court erred when it ordered him to pay restitution in the cases numbered C-20CRB-20040A, 20CRB-23750, and 21CRB-1632 because the restitution was not imposed in open court at the sentencing hearing.

**{¶18}** Prior to accepting Barnes's guilty pleas, the trial court and the prosecutors discussed which cases resulted in guilty pleas and which would be dismissed pursuant to the plea negotiations. They also discussed the amounts of restitution Barnes agreed to pay as part of the plea agreement. In mitigation, Barnes's trial counsel acknowledged that Barnes would be required to pay restitution. The court and the prosecutor, orally, and in open court, went through each case and specified the amount of restitution owed and to whom.

**{¶19}** After imposing the various jail sentences, the court again stated that restitution was ordered in all of the cases. The court did not restate the various amounts owed and to whom.

**{¶20}** If a court orders restitution, R.C. 2929.18(A)(1) requires the court to "order that the restitution be made to the victim in open court." Here, the trial court identified the amount of restitution and each victim that was entitled to restitution in open court.

**{¶21}** We overrule the third assignment of error.

### Conclusion

**{¶22}** We reverse Barnes's sentence in the case numbered 21CRB-2991, and remand the cause to the trial court to modify the sentence to reflect that the suspended jail sentence is limited to eight days. We also order the court to properly award jail-

time credit of 14 days in the case numbered 21CRB-1632 and to vacate the no-contact orders in the cases numbered C-20CRB-20040A, 20CRB-23750, and 21CRB-1632.

Judgments affirmed in part, reversed in part, and cause remanded.

**BERGERON** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.