[Cite as *State v. Pinnick*, 2022-Ohio-3471.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 21AP0042 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JEFFREY RYAN PINNICK | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2021 TR-C 001446 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2022

HENSAL, Judge.

**{¶1}** Jeffrey Pinnick appeals from the judgment of the Wayne County Municipal Court. For the following reasons, this Court affirms.

I.

**{¶2}** On March 14, 2021, Trooper Aaron White with the Ohio State Highway Patrol was travelling westbound on County Road 30A when he observed Mr. Pinnick's vehicle travelling eastbound on County Road 30A. According to Trooper White, Mr. Pinnick appeared to be driving over the posted speed limit of 45 m.p.h., so he turned his police cruiser around and started "pacing" Mr. Pinnick's vehicle. After pacing Mr. Pinnick's vehicle for about 20 seconds, Trooper White determined that Mr. Pinnick was travelling about 55 m.p.h., so he initiated a traffic stop. As a result of that traffic stop, Mr. Pinnick was charged with one count of speeding and two counts of operating a vehicle while under the influence of alcohol.

{¶3}     Mr. Pinnick pleaded not guilty to the charges and filed a motion to suppress the evidence obtained as a result of the traffic stop.  In his motion, Mr. Pinnick argued that the stop of his vehicle was unconstitutional because pacing is an "unaided visual estimation" of speed, which is a prohibited method of determining a motorist's speed under Revised Code Section 4511.091(C)(1).  As a result, he argued, Trooper White did not have reasonable suspicion to initiate a traffic stop.

{¶4}     In response, the State argued that Trooper White did not make an "unaided visual estimation" of Mr. Pinnick's speed because Trooper White used his speedometer to determine his own speed, which he then used to pace Mr. Pinnick's vehicle.  The State argued that a speedometer is an "electrical, mechanical, or digital device to determine the speed of a motor vehicle[,]" which officers are expressly permitted to use under Section 4511.091(C)(1)(a).

{¶5}     The trial court held a hearing on Mr. Pinnick's motion.  Trooper White testified that pacing involves estimating the speed of another vehicle based upon the speed of the police cruiser. He explained that "[y]ou begin to match the pace of the vehicle based off of your speedometer" and that "[y]ou keep a continued pace with that vehicle for an amount of time to get * * * the vehicle's speed."  He then testified that, while he was behind Mr. Pinnick's vehicle, he (Trooper White) reduced his speed to 52 m.ph., at which point Mr. Pinnick's vehicle was gaining distance from him.  Trooper Pinnick then increased his speed to 55 m.p.h., at which point Mr. Pinnick's vehicle was neither gaining nor losing distance from him.  Trooper White testified that he used the speedometer to pace Mr. Pinnick's speed for about 20 seconds, and that he maintained a distance of approximately thirty to fifty yards from Mr. Pinnick's vehicle during that time.  He concluded that Mr. Pinnick was travelling about 55 m.p.h., 10 m.p.h. over the posted speed limit, so he initiated a traffic stop.

{¶6} During his cross-examination of Trooper White, Mr. Pinnick's trial counsel played the dashcam video. Trooper White acknowledged that, in order to pace Mr. Pinnick's vehicle, he needed to maintain an equal distance between the two vehicles for some time. While Mr. Pinnick's trial counsel attempted to show that Trooper White did not maintain an equal distance from Mr. Pinnick's vehicle, Trooper White explained that the time in which he was not an equal distance from Mr. Pinnick's vehicle was when he slowed to 52 m.p.h., at which point Mr. Pinnick's vehicle was increasing its distance from him. On re-direct, Trooper White reiterated that he maintained a distance from Mr. Pinnick's vehicle for "some time" before decelerating.

{¶7} At the end of the hearing, the trial court took the matter under advisement. It later issued a judgment entry, denying Mr. Pinnick's motion to suppress. In its judgment entry, the trial court found that Trooper White paced Mr. Pinnick's vehicle for approximately 20 seconds, and that Trooper White maintained a consistent distance between 30 to 50 yards from Mr. Pinnick's vehicle during that time. The trial court found that Trooper White's estimation of Mr. Pinnick's speed was not an "unaided visual estimation" under Section 4511.091(C)(1) because Trooper White used his speedometer to pace Mr. Pinnick's vehicle. It, therefore, determined that Trooper White had reasonable suspicion to stop Mr. Pinnick's vehicle.

{¶8} After the denial of Mr. Pinnick's motion to suppress, the State dismissed the count for speeding and Mr. Pinnick pleaded no contest to the two OVI counts. The trial court determined that the OVI counts merged for purposes of sentencing, and sentenced Mr. Pinnick accordingly. He now appeals the denial of his motion to suppress, raising one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS.

{¶9} In his assignment of error, Mr. Pinnick argues that the trial court erred when it denied his motion to suppress. A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

> When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *Id.* "Accordingly, this Court grants deference to the municipal court's findings of fact but conducts a de novo review of whether the court applied the appropriate legal standard to those facts." *State v. Snowberger*, 9th Dist. Summit No. 29853, 2022-Ohio-279, ¶ 5.

{¶10} "It is well-established that a police officer who observes a traffic violation possesses reasonable suspicion to conduct an investigatory stop." *State v. Jackson*, 9th Dist. No. 14CA010555, 2015-Ohio-2473, ¶ 15. "This includes stopping a vehicle for speeding." *Snowberger* at ¶ 7. Despite Mr. Pinnick's argument in his motion to suppress, Trooper White's use of his police cruiser's speedometer to gauge Mr. Pinnick's speed is an acceptable manner for determining a vehicle's speed. *Id.* at ¶ 9; *State v. Lewis*, 11th Dist. Ashtabula No. 2019-A-0077, 2020-Ohio-4633, ¶ 36 (collecting cases); *State v. Hubbard*, 2d Dist. Montgomery No. 28941, 2021-Ohio-1740, ¶ 25 (same). Mr. Pinnick seems to have abandoned his argument in that regard on appeal, however, and instead focuses on alleged inconsistencies between Trooper White's testimony and the dashcam video. More specifically, Mr. Pinnick argues that the trial court erred

when it denied his motion to suppress because it failed to consider the fact that Trooper White's testimony regarding how he paced Mr. Pinnick's vehicle was inconsistent with the dashcam video from the police cruiser. He asserts that Trooper White testified that he maintained an equal distance from Mr. Pinnick's vehicle while he paced it, yet the dashcam video showed that Trooper White's distance from his vehicle varied.

{¶11} In support of his argument, Mr. Pinnick relies upon *State v. Jarosz*, 11th Dist. Portage No. 2013-P-0050, 2013-Ohio-5839. In *Jarosz*, the trial court granted the defendant's motion to suppress on the basis that the dashcam video showed that, despite the trooper's testimony to the contrary, the trooper did not maintain an equal distance from the defendant's vehicle while pacing it. *Id.* at ¶ 10-12. The Eleventh District affirmed, noting that, "[w]hile we might not have reached the same conclusion as the trial court, due to the deference this court must give the trial court in its role as trier of fact, we are bound to interpret the evidence in a manner consistent with the trial court's ruling." *Id.* at ¶ 20. Mr. Pinnick argues that the facts of this case are similar to *Jarosz* because, like the trooper in *Jarosz*, Trooper White's testimony that he maintained an equal distance from Mr. Pinnick's vehicle was inconsistent with the dashcam video.

{¶12} This Court's review of the record, including Trooper White's testimony and the dashcam video of the traffic stop, indicates that the trial court's factual findings regarding Trooper White's pacing of Mr. Pinnick's vehicle were supported by competent, credible evidence. While the distance between Trooper White and Mr. Pinnick's vehicle varied at times, Trooper White explained that he decelerated at one point to gauge whether Mr. Pinnick's vehicle would gain distance from him, which it did. Nonetheless, Trooper White testified that he maintained an equal distance from Mr. Pinnick's vehicle for enough time to estimate Mr. Pinnick's at 55 m.p.h., 10 m.p.h. over the posted speed limit. Unlike the trial court in *Jarosz*, the trial court here found that

the dashcam video supported the trooper's testimony. Having reviewed the dashcam video, we conclude that the trial court's finding in that regard was supported by competent, credible evidence. This Court, therefore, concludes that Mr. Pinnick's arguments lack merit. Accordingly, his assignment of error is overruled.

III.

**{¶13}** Mr. Pinnick's assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

 

 

_____

JENNIFER HENSAL
FOR THE COURT

 

 

CARR, J.
SUTTON, J.
CONCUR.

 

APPEARANCES:

DAVID C. KNOWLTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and JEFF MCENDREE, Assistant Prosecuting Attorney, for Appellee.