[Cite as *State v. Pinnick*, 2024-Ohio-687.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | | C.A. No. 22AP0057 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JEFFREY PINNICK | | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. 2022 TR-C 005287 |

DECISION AND JOURNAL ENTRY

Dated: February 26, 2024

STEVENSON, Judge.

{¶1}    Defendant-Appellant Jeffrey Pinnick appeals from the judgment of the Wayne County Municipal Court, asserting that the trial court erred in using a conviction pending appeal on the date of his offense to enhance his sentence. For the reasons set forth below, we affirm.

I.

{¶2}    On July 17, 2022, Mr. Pinnick was cited for operating a vehicle under the influence of alcohol ("OVI")-third offense, in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree; BAC-Breath, over .17- third offense, in violation of R.C.4511.19(A)(1)(h), a misdemeanor of the first degree; and improper lane change under R.C.4511.44. On October 6, 2022, Mr. Pinnick entered a no contest plea to the BAC-Breath charge under R.C. 4511.19(A)(1)(h), and the other two charges were dismissed. A presentence investigation was ordered and a sentencing hearing was held on November 14, 2022.

{¶3} On the day of sentencing, Mr. Pinnick filed a memorandum requesting that the court treat this offense as his second in ten years, as opposed to his third, because the conviction that could be used to enhance his sentence was pending appeal on the date of the offense. During the sentencing hearing, Mr. Pinnick's counsel also orally objected to the trial court's treatment of the prior offense as a third in ten.

{¶4} To briefly explain, sentencing for OVI under R.C.4511.19(G) provides enhanced sentences for repeat OVI offenders. Pursuant to R.C. 4511.19(G)(1)(c)(ii), an offender who has been convicted of or pleaded guilty to two prior violations under R.C. 4511.19(A)(1)(h), is subject to a mandatory jail term of sixty days, whereas under R.C.4511.19(G)(1)(b), an offender who has been convicted of or pleaded guilty to one prior violation is subject to a mandatory jail term of twenty days.

{¶5} The trial court rejected Mr. Pinnick's argument and treated the conviction as his third in ten years. He was sentenced to a 12-year license suspension, a $2,000.00 fine plus court costs, six points assessed to his license, and 300 days in jail with 60 days mandatory with the ability to serve 30 days by electronically-monitored house arrest.

{¶6} Mr. Pinnick timely appeals his conviction and sets forth one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED BY TREATING MR. PINNICK'S OVI AS A THIRD OFFENSE WHILE A SECOND OVI OFFENSE WAS STILL PENDING APPEAL.**

{¶7} Mr. Pinnick argues that his sentence for a third-in-ten OVI was improper because the conviction that was used to enhance his sentence was pending appeal at the time of sentencing. We disagree.

{¶8} Both parties argue that because this case involves a challenge to a misdemeanor sentence, our standard of review is abuse of discretion. "'A trial court generally has discretion in misdemeanor sentencing.'" *State v. Senz*, 9th Dist. Medina No. 17CA0001-M, 2018-Ohio-628, ¶ 34, quoting *State v. Woody*, 9th Dist. Lorain No. 14CA010679, 2016-Ohio-631, ¶ 15. Unless a sentence is contrary to law, we review challenges to misdemeanor sentencing for an abuse of discretion. *State v. Schneider*, 9th Dist. Wayne No. 09CA0026, 2009-Ohio-6025, ¶ 6. Here, however, Mr. Pinnick argues that the mandatory penalty enhancement was not satisfied because his prior OVI case was pending appeal at the time of the within offense and had not yet been affirmed. In essence, he is arguing that a prior conviction on appeal cannot be used to enhance his sentence, which is a question of law. "Questions of law are subject to a de novo review on appeal." *State v. Monfort*, 9th Dist. Summit No. 30343, 2023-Ohio-1024, ¶ 9.

{¶9} Mr. Pinnick's second OVI that was on appeal on the date of his citation in this case is *State v. Pinnick*, 2021-TR-C001446 ("Second Case"). The Second Case arose from a citation issued for OVI-second offense, in violation of R.C. 4511.19(A)(1)(a); BAC-breath, over.17-second offense, in violation of R.C. 4511.19(A)(1)(h), and speeding. On August 31, 2021, Mr. Pinnick pleaded no contest to the OVI charges, the speed charge was dismissed, and he was sentenced. He appealed to this Court on September 27, 2021, and on the same day, filed a motion "to stay the execution of the sentence imposed on him * * *." That motion was granted. This Court affirmed Mr. Pinnick's conviction on September 30, 2022, in *State v. Pinnick*, 9th Dist. Wayne No. 21AP0042, 2022-Ohio-3471. On remand to the trial court, by judgment entry dated

October 27, 2022, the trial court lifted the stay and ordered the execution of the sentence. Mr. Pinnick admits that he was also convicted of a prior OVI in 2017.

{¶10} As previously noted, Mr. Pinnick's motion for stay filed in the Second Case requested to "stay the *execution of the sentence* * * *." (Emphasis added.) Similarly, upon remand following this Court's affirmance of Mr. Pinnick's conviction, the trial court's October 27, 2022, judgment entry stated "[t]his matter came before th[e] court for an *execution of sentence* hearing. * * * [Mr. Pinnick] was informed that the stay granted during the appeal was lifted and that his *sentence* was now in effect." (Emphasis added.) Thus, it is clear from Mr. Pinnick's own motion and the trial court's judgment entry on remand that the only matter stayed pending appeal was the execution of Mr. Pinnick's sentence, not his conviction.

{¶11} Furthermore, as the State pointed out, another appellate district addressed this question in a similar context and determined that,

> there is a conviction, even though an appeal is taken and is pending, and the conviction remains valid and enforceable during the pendency of an appeal. Although a stay of execution * * * may under some circumstances be appropriate during an appeal, *the stay is not of the conviction but, rather, the stay is of execution of the judgment of conviction.*

(Emphasis added.) *Plotnick v. State Med. Bd. of Ohio*, 10th Dist. Franklin Nos. 84AP-225, 84AP-362, 1984 WL 5921, *7 (Sept. 27, 1984) (revocation of appellant's license to practice podiatry based on felony conviction that was pending appeal at the time of his hearing was proper); *Hughes v. Brown*, 62 Ohio App.3d 417, 423 (10th Dist.1989) (appellant's removal from public office based on felony conviction that was pending appeal at the time of the hearing was proper). Moreover, this holding is consistent with App.R. 8(B) and Loc.R. 8 which provide that Ohio Courts may grant a stay of execution of sentence, not conviction, during the pendency of an appeal.

**{¶12}** Therefore, based on the foregoing, we conclude that the trial court did not err as a matter of law in treating Mr. Pinnick's OVI as a third in ten years.

III.

**{¶13}** Based on the foregoing, Mr. Pinnick's single assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

BRADLEY R. HARP, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and JONATHAN HAMERS, Assistant Prosecuting Attorney, for Appellee.