[Cite as *State v. Jackson*, 2025-Ohio-479.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| ROCKY C. JACKSON | : | Case No. 2024 CA 00018 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Municipal Court,
Case No. CRB2400005


JUDGMENT:        Reversed and Remanded


DATE OF JUDGMENT:        February 13, 2025


APPEARANCES:

For Plaintiff-Appellant

ANDREW D. SEMELSBERGER
136 West Main Street
Lancaster, OH  43130

For Defendant-Appellee

JAMES L. DYE
P.O. Box 1616
Pickerington, OH  43147

*King, J.*

{¶ 1}   Plaintiff-Appellant, the State of Ohio, appeals the April 26, 2024 sentence imposed on Defendant-Appellee, Rocky C. Jackson, by the Municipal Court of Fairfield County, Ohio.  We reverse the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On December 30, 2023, Jackson was charged with failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(A), a misdemeanor in the first degree.  On April 26, 2024, Jackson pled guilty to the charge.[1]  By final judgment entry filed on the same date, the trial court sentenced Jackson on the failure to comply charge to 180 days in jail, all days suspended, and imposed two years of probation.  The State requested a class one driver's license suspension because of Jackson's prior conviction for failure to comply in 2020, but instead the trial court suspended Jackson's driver's license for one year.  The license suspension was not journalized in the final judgment entry.  On the issue of driving, the final judgment entry states: "GRANTING OR DENYING OF DRIVING PRIVILEGES TO BE DECIDED BY JUDGE ULLOM."[2]

{¶ 3}   The State received leave and filed an appeal with the following assignment of error:

I

{¶ 4}   "THE TRIAL COURT ERRED BY IMPOSING A SENTENCE THAT WAS CONTRARY TO LAW."

---

[1]Jackson also pled guilty to criminal trespass in an unrelated case which is not a part of this appeal.
[2]Jackson's case was assigned to Judge Ullom, but Judge Fields conducted the plea and sentencing hearing without objection.

I

{¶ 5}   In its sole assignment of error, the State claims the trial court's sentence on the license suspension was contrary to law.  We agree.

{¶ 6}   Normally a misdemeanor sentence is reviewed under an abuse of discretion standard.  *State v. Gilmore,* 2024-Ohio-2095, ¶ 32 (5th Dist.).  But "when a trial court does not comply with the applicable sentencing statutes, we apply a de novo standard of review."  *State v. Barnes,* 2022-Ohio-1738, ¶ 4 (1st Dist.).

{¶ 7}   The State argues the trial court failed to follow the mandates of R.C. 2921.331(E) in sentencing Jackson.  R.C. 2921.331 governs failure to comply with order or signal of police officer.  Subsection (E) states in part: "If the offender previously has been found guilty of an offense under this section, in addition to any other sanction imposed for the offense, the court shall impose a class one suspension as described in division (A)(1) of that section [R.C. 4510.02]."  A class one suspension is for "a definite period for the life of the person subject to the suspension."  R.C. 4510.02(A)(1).  Instead, the trial court suspended Jackson's driver's license for one year.  T. at 10.  Under R.C. 2921.331(E), a trial court may grant limited driving privileges to a defendant if the suspension imposed was for a misdemeanor violation of the section.

{¶ 8}   Jackson was previously found guilty of failure to comply in violation of R.C. 2921.331(A) in 2020.  *See* Validated Criminal History Record, Docket Entry No. 2. Therefore, the trial court was required to impose a class one suspension as the statute is mandatory: "the court *shall* impose a class one suspension."  (Emphasis added.)  The imposition of a class one suspension is not discretionary.  Because the trial court ordered

a one-year driver's license suspension, the trial court's sentence was contrary to law. Jackson concedes the issue.  Appellee's Brief at 2.

{¶ 9}  After informing Jackson of the one-year license suspension, Jackson requested limited driving privileges.  T. at 9.  The trial court told Jackson "your attorney will petition Judge Ullom for driving privileges.  It's his case, okay."  T. at 10.  The prosecutor then attempted to discuss R.C. 2921.331(E) with the trial court (T. at 12-13):


MR. SEMELSBERGER: As far as the driver's license is concerned,

Division (E) of 2921.331 says that - -

THE COURT: I said I was leaving it up to Judge Ullom.

MR. SEMELSBERGER: Oh, is that - -

THE COURT: Yeah

MR. SEMELSBERGER: Sorry.  I didn't hear you [say] that.

THE COURT: I'm not making that decision, right, am I?  No, okay.


{¶ 10} Although the trial court orally informed Jackson his driver's license was suspended for one year, the license suspension was not journalized in the final judgment entry.  Instead, the final judgment entry states: "GRANTING OR DENYING OF DRIVING PRIVILEGES TO BE DECIDED BY JUDGE ULLOM."  We note driving privileges is separate and apart from a driver's license suspension.  The trial court failed to journalize the license suspension which should have been a class one suspension under R.C. 2921.331(E).

{¶ 11} Further, Jackson argues he was not informed of the mandatory license suspension during his plea colloquy so his plea was not made knowingly or intelligently. Appellee's Brief at 2. But Jackson failed to file a cross-appeal or set forth an assignment of error on the issue; therefore, we are precluded from considering the argument. *Parton v. Weilnau*, 169 Ohio St. 145, 170-171 (1959); App.R. 3(C); R.C. 2505.22. Because the case is being remanded to the trial court, Jackson has the opportunity to file any motions he deems necessary.

{¶ 12} Upon review, we find the trial court's sentence on the license suspension was contrary to law.

{¶ 13} The sole assignment of error is granted.

{¶ 14} The judgment of the Municipal Court of Fairfield County, Ohio is hereby reversed and the matter is remanded for the imposition of a class one suspension.

By King, J.

Baldwin, P.J. and

Hoffman, J. concur.