[Cite as *State v. Grose*, 2026-Ohio-2011.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

MATTHEW GROSE

    Appellant

C.A. Nos.     24CA012171
               24CA012172

APPEAL FROM JUDGMENT
ENTERED IN THE
ELYRIA MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE Nos.    2024CRB00840
             2024CRB00826

DECISION AND JOURNAL ENTRY

Dated: May 29, 2026

---

STEVENSON, Judge.

**{¶1}** Appellant, Matthew Grose, appeals from the judgment of the Elyria Municipal Court finding him guilty of domestic violence in violation of R.C. 2919.25, resisting arrest in violation of R.C. 2921.33, and obstructing official business in violation of R.C. 2921.31, and sentencing him on each count. This Court affirms.

I.

**{¶2}** This is a consolidated appeal of two separate criminal cases: 2024CRB00826 ("First Case") and 2024CRB00840 ("Second Case"). In the First Case, Mr. Grose was charged with one count of domestic violence in violation of R.C. 2919.25 and one count of assault in violation of R.C. 2903.13, both misdemeanors of the first degree. The assault charge was later dismissed. In the Second Case, Mr. Grose was charged with one count of resisting arrest in

violation of R.C. 2921.31 and one count of obstructing official business in violation of R.C. 2921.31, both misdemeanors of the second degree.

{¶3}     The domestic violence charge stemmed from an incident between Mr. Grose and his mother. An arrest warrant was issued for Mr. Grose after his mother reported the incident to the police. The resisting arrest and obstructing official business charges stemmed from Mr. Grose's alleged conduct when police went to his home two days after the domestic violence incident to execute an arrest warrant.

{¶4}     The trial court arraigned Mr. Grose on both cases. It advised Mr. Grose at arraignment of the nature of the charges against him, the potential penalties associated with the charges, and the right to plead guilty, not guilty, or no contest. The trial court also advised Mr. Grose that he had the right to an attorney and that, if he could not afford an attorney, it would appoint one on his behalf. The trial court did not advise Mr. Grose on the record at arraignment that he had a constitutional right to a jury trial.

{¶5}     Mr. Grose entered a not guilty plea at arraignment and informed the court that he was going to retain his own counsel. The court accepted the plea and issued a no contact order prohibiting Mr. Grose from having any contact with his mother. The trial court proceeded to address the issue of bond.

{¶6}     Mr. Grose asked the trial court if he "could . . . say something" after the State presented its arguments on the issue of bond. The following exchange then occurred:

THE COURT:  Well, remember, this is recorded so if you say something that hurts your case - -

[MR. GROSE]:          I got you.

THE COURT:  - - it can be used against you.  And you're going to get a private attorney and a private attorney is going to tell you not to make any kind of statements that could incriminate you.

That being said, you have been warned. It's up to you.

Mr. Grose proceeded to make statements about his mother.

{¶7} Mr. Grose orally moved the court to dismiss the charges against him at the next pretrial conference. He still had not retained counsel at this time. The trial court informed Mr. Grose that he had to put his motion in writing and counsel was appointed.

{¶8} Mr. Grose filed a motion for a bench trial as "Defendant/Co-Counsel" after the appointment of counsel. Mr. Grose stated in this motion that he was "withdrawing his request for a trial by jury" and that he "feels that this is the quickest way for this matter to be settled and justice to be rendered." The trial court addressed and granted Mr. Grose's motion at a hearing with counsel present.

{¶9} The trial court found Mr. Grose guilty after a bench trial of domestic violence, resisting arrest, and obstructing official business. It sentenced Mr. Grose on the domestic violence charge to the maximum 180 days in jail, with a $250 fine. It also ordered "a post-conviction no-contact order with [mother] for five years[.]" The trial court sentenced Mr. Grose to 45 days in jail for resisting arrest, 45 days in jail for obstructing official business charges, and it imposed monetary fines on both convictions. The court ordered that the jail sentences be served consecutively. The trial court's sentence was memorialized in a written court order.

{¶10} Mr. Grose appeals the trial court's judgment and sentence, asserting two assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR I.**

**THE TRIAL COURT FAILED TO COMPLY WITH CRIMINAL RULE 5 BY FAILING TO ADVISE [MR.] GROSE OF HIS RIGHT TO TRIAL BY JURY AND HIS RIGHT TO REMAIN SILENT.**

{¶11}   Mr. Grose argues in his first assignment of error that the trial court failed to comply with Crim.R. 5. For the reasons set forth below, we disagree.

{¶12}   Mr. Grose argues that the trial court did not inform him that he had a right to a jury trial as required by Crim.R. 5(A). He also argues that the trial court failed to advise him that he had a right to not make a statement and that any statement made could be used against him. Mr. Grose contends that the "trial court's lack of compliance with Crim.R. 5(A) invalidates the proceedings."

{¶13}   The State maintains that the trial court showed Mr. Grose a video before arraignment that explained his constitutional right to a jury trial but concedes that the video is not part of the record and that the trial court did not explain the right to a jury trial at arraignment for purposes of this appeal. The State argues that any failure by the trial court to inform Mr. Grose that he had the right to a jury trial is harmless error as it did not affect Mr. Grose's substantial rights or the outcome of the proceedings. It maintains that Mr. Grose's motion for a bench trial establishes that he was aware he had a right to a jury trial and that he knowingly waived that right. The State further maintains the trial court adequately informed Mr. Grose that he had the right to remain silent at his arraignment.

{¶14}   "As part of a trial court's obligation to protect the federal and state constitutional rights of the accused, Crim.R. 5(A) sets forth the procedure that must be followed upon a defendant's initial appearance." *Akron v. Berenato*, 2023-Ohio-296, ¶ 14 (9th Dist.). This Court has noted that "[t]he purpose of Crim.R. 5(A) is 'to advise the accused of his constitutional rights and to inform him of the nature of the charge against him.'" *State v. Trice*, 2019-Ohio-5098, ¶ 7 (9th Dist.), quoting *Hamilton v. Brown*, 1 Ohio App.3d 165, 168 (12th Dist. 1981).  Crim.R. 5(A) states:

When a defendant first appears before a judge or magistrate, the judge or magistrate . . . shall inform the defendant:

> . . .

(3) That the defendant need make no statement and any statement made may be used against the defendant;

> . . .

(5) Of the right . . . to jury trial . . . .

This Court has recognized that the trial court's failure to comply with Crim.R. 5(A) may be waived or that the trial court may cure the error with a subsequent curative action. *Berenato* at ¶ 17, citing *State v. Wilson*, 2019-Ohio-2965, ¶ 10-15 (4th Dist.); *State v. Glaspy*, 2023-Ohio-1073, ¶ 15 (9th Dist.).

**{¶15}** The trial court did not inform Mr. Grose at his initial appearance that he had a right to a jury trial and he orally moved for the dismissal of his case at a later pretrial conference on this basis. Mr. Grose had informed the trial court that he was going to "retain [his] own counsel" and he was not represented by counsel at this pretrial hearing. The trial court informed Mr. Grose that he had to put his motion in writing and serve a copy upon the State.

**{¶16}** Mr. Grose moved for a bench trial. He withdrew "his request for a trial by jury" and represented that a bench trial would be "the quickest way for this matter to be settled and justice to be rendered." Although Mr. Grose filed his motion as "Defendant/Co-Counsel[,]" he had counsel at the time of the filing and his motion was discussed on the record with counsel present. The following exchange occurred between the court and Mr. Grose with counsel present:

THE COURT: We are going to move [the case] then to a trial.

[MR. GROSE]: M-hm.

THE COURT: We'll get it in as quickly as we can, but the trial docket can be - - can be slow.

[MR. GROSE]:        So my motion was granted to switch to a bench, just so we can speed up the - -

THE COURT:         Yeah, yeah. That gets this all done by doing that.

[MR. GROSE]:        Yes, sir. I agree.

    . . .

THE COURT:         You're withdrawing your - -

[MR. GROSE]:        Motion for jury.

THE COURT:         Yeah. Withdrawing that. And we are going to set it for bench trial.

{¶17} The State argues that the trial court's error was harmless based on Mr. Grose's oral motion to dismiss and his motion for a bench trial. Crim.R. 52(A) defines "[h]armless error" as "[a]ny error . . . which does not affect substantial rights" and provides that harmless error "shall be disregarded." "The term 'substantial rights' has been interpreted to require that 'the error must have been prejudicial.'" (Emphasis deleted.) *State v. Morris*, 2014-Ohio-5052, ¶ 23, quoting *State v. Fisher*, 2003-Ohio-2761, ¶ 7. "In other words, to be a prejudicial error, '[i]t must have affected the outcome of the [trial] court proceedings.'" *State v. Wang*, 2015-Ohio-439, ¶ 14 (9th Dist.)*,* quoting *Fisher,* at ¶ 7, quoting *United States v. Olano*, 507 U.S. 725, 734 (1993). In reviewing errors under Crim R. 5(A), the State has the burden under Crim.R. 52(A) "'of demonstrating that the error did not affect the substantial rights of the defendant.'" *Berenato*, 2023-Ohio-296, at ¶ 18 (9th Dist.), quoting *State v. Perry*, 2004-Ohio-297, ¶ 15.

{¶18} Mr. Grose's motion and his oral representations to the trial court establish he knew that he had a constitutional right to a jury trial, the purpose of the duty to inform of that right found in Crim R. 5(A). Once he waived his right to a jury trial the trial court had no reason to give a curative instruction regarding his right to a jury trial. We cannot say that defendant was prejudiced

by the failure to follow Crim R. 5(A) when the defendant knowingly waives a jury trial by motion and on the record. Accordingly, the State has met its burden to show that any error by the trial court in advising him of his right to a jury trial at arraignment did not affect the substantial rights of the defendant.

{¶19}   Mr. Grose also argues that the trial court failed to advise him of his constitutional right to remain silent. Crim.R. 5 requires a court to inform the defendant that he need not make a statement and that any statement made could be used against him. Crim.R. 5(A)(3). We conclude that the trial court complied with this requirement.

{¶20}   The trial court advised Mr. Grose at his arraignment that the proceeding "is recorded" and that if he said anything that "hurts your case . . . it can be used against you." Mr. Grose had already informed the trial court that he was going to retain his own attorney and the trial court told him that this future attorney would also advise him to "not to make any kind of statements that could incriminate [him.]" Mr. Grose was informed that he had "been warned" and that it was "up to [him]" if he wanted to continue to say anything on the record. The trial court gave this advisement to Mr. Grose before he made any statements and we conclude that it complied with Crim.R. 5(A)(3) when it gave this advisement. Further, the State did not use any of Mr. Grose's statements against him at trial and there has been no showing that any potential error in the Court's advising Mr. Grose of his rights was not harmless in this case.

{¶21}   Mr. Grose's first assignment of error is, accordingly, overruled.

**ASSIGNMENT OF ERROR II.**

**THE TRIAL COURT IMPOSED AN ILLEGAL SANCTION BY SENTENCING [MR. GROSE] TO THE MAXIMUM POSSIBLE [JAIL] TERM AND BY IMPOSING A NO CONTACT ORDER.[1]**

{¶22}  Mr. Grose argues in his second assignment of error that the trial court imposed an illegal sanction when it sentenced him to the maximum possible jail term for domestic violence and imposed a no contact order. We disagree.

{¶23}  "A trial court generally has discretion in misdemeanor sentencing." *State v. Woody*, 2016-Ohio-631, ¶ 15 (9th Dist.). "Unless a sentence is contrary to law, we review challenges to misdemeanor sentencing for an abuse of discretion." *State v. Pinnick*, 2024-Ohio-687, ¶ 8 (9th Dist.). In this case, however, Mr. Grose argues that the trial court did not comply with the sentencing statute which is a question of law. "'Questions of law are subject to a de novo review on appeal.'" *Id.*, quoting *State v. Monfort*, 2023-Ohio-1024, ¶ 9 (9th Dist.).

{¶24}  The trial court found Mr. Grose guilty of domestic violence, a misdemeanor of the first degree, in violation of R.C. 2919.25. It imposed the maximum 180-day jail sentence for this violation. R.C. 2929.24(A)(1) ("the court shall impose a definite jail term that shall be . . . [f]or a misdemeanor of the first degree, not more than one hundred eighty days[.]"). The trial court also imposed a monetary fine and issued a five-year post-conviction no contact order with Mr. Grose's mother, the domestic violence victim. "[A] no-contact order is a community-control sanction." *State v. Anderson*, 2015-Ohio-2089, ¶17.

{¶25}  There is no dispute that a trial court may issue community control sanctions as part of a misdemeanor sentence. R.C. 2929.25(A)(1)(a) and (b) provides:

---

[1] The trial court found Mr. Grose guilty of misdemeanor offenses. Defendants are sentenced to jail, not prison, on misdemeanors.

(A)(1) Except as provided in sections 2929.22 and 2929.23 of the Revised Code or when a jail term is required by law, in sentencing an offender for a misdemeanor, other than a minor misdemeanor, the sentencing court may do either of the following:

(a) Directly impose a sentence that consists of one or more community control sanctions authorized by section 2929.26, 2929.27, or 2929.28 of the Revised Code. The court may impose any other conditions of release under a community control sanction that the court considers appropriate. *If the court imposes a jail term upon the offender, the court may impose any community control sanction or combination of community control sanctions in addition to the jail term.*

(b) Impose a jail term under section 2929.24 of the Revised Code from the range of jail terms authorized under that section for the offense, suspend all or a portion of the jail term imposed, and place the offender under a community control sanction or combination of community control sanctions authorized under section 2929.26, 2929.27, or 2929.28 of the Revised Code.

(Emphasis added.)

**{¶26}** R.C. 2929.25(D)(4) states, however, that:

[i]f the court imposes a jail term upon a violator . . . the total time spent in jail for the misdemeanor offense and the violation of a condition of the community control sanctions shall not exceed the maximum jail term available for the offense for which the sanction that was violated was imposed.

*See Olmsted Twp. v. Ritchie*, 2023-Ohio-2516, ¶ 17 ("Under R.C. 2929.25(D)(4), the total time spent in jail for both a misdemeanor offense and a violation of a community-control sanction imposed for that offense may not exceed the statutory maximum jail term provided for the offense in R.C. 2929.24.").

**{¶27}** Reading these sections together, R.C. 2929.25(A)(1) presents an either/or choice. Subsection (a) allows the trial court to impose a community control sanction in addition to the jail term. If the trial court chooses that option, then subsection (b) does not apply. R.C. 2929.25(A)(2) then provides the community control sanction cannot exceed five years. In this case, the trial court imposed the maximum jail term on Mr. Grose and a five-year no-contact order to protect the victim. Nothing in R.C. 2929.25 prohibits the trial court from doing what it did.

{¶28} Mr. Grose cites R.C. 2929.25(D)(4) in support of his position that the trial court was unable to impose the maximum jail term and a community-control sanction. A plain reading of this section is if the offender violates a community control sanction, and has already served the maximum jail time, he cannot be sentenced to additional jail time for the community control violation. *Ritchie*, at ¶ 3. In *Ritchie,* the Supreme Court of Ohio addressed only additional jail time for a violation of a community control sanction. The court did not discuss additional or more restrictive community control sanctions for a community control violation. It is clear if the offender served all 180 days of his sentence, and on day 181 contacted the victim in violation of the no-contact order, the trial court could not send the offender back to jail. The trial court could, however, impose an additional or more restrictive community control sanction on the offender pursuant to R.C. 2929.25(D)(2), so long as the total time of the community control sanctions does not exceed five years. Where the trial court determines a defendant has violated community control sanctions, the court may impose additional penalties, including a combination of community control sanctions and/or a more restrictive community control sanction. *Cleveland v. Sopjack*, 2024-Ohio-6018, ¶ 35 (8th Dist.).

{¶29} For the reasons set forth above, Mr. Grose's second assignment of error is overruled.

III.

{¶30} This Court overrules Mr. Grose's assignments of error. The judgment of the Elyria Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT

SUTTON, J.
CONCURS.

FLAGG LANZINGER, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶31} I concur with the majority's disposition of Mr. Grose's first assignment of error. For the following reasons, I concur in judgment only with the majority's disposition of Mr. Grose's second assignment of error.

{¶32} Reliance upon the Ohio Supreme Court's decision in *State v. Anderson* in the context of misdemeanor sentencing is misplaced. 2015-Ohio-2089. In *Anderson*, the Court acknowledged that a no-contact order is a community-control sanction in the context of felony sentencing. *Id.* at ¶ 17. It also acknowledged that prison terms and community-control sanctions

are alternative sanctions for purposes of felony sentencing.  *Id.* at ¶ 28.  It then held that, "as a general rule, when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions."  *Id.* at ¶ 31.

{¶33}  "The rule set forth in *Anderson* expressly applies to prison terms for felony offenses, not jail terms, which are not the same."  *State v. King*, 2026-Ohio-873, ¶ 35 (9th Dist.) (Flagg Lanzinger, J., concurring).  "Notwithstanding, courts have conflated prison terms and jail terms, concluding that *Anderson* stands for the proposition that a trial court cannot impose 'incarceration' and a community control sanction for the same offense."  *Id.*, citing *State v. Beauchamp*, 2022-Ohio-738, ¶ 2, 17 (1st Dist.) and *State v. James*, 2022-Ohio-3019, ¶ 25 (1st Dist.).  "That is a misinterpretation of the law."  *Id.*  Here, the trial court imposed the maximum jail term on the misdemeanor domestic violence conviction and a five-year no-contact order to protect the victim.  As the majority concludes, "[n]othing in R.C. 2929.25 prohibits the trial court from doing what it did."  Nor does the Ohio Supreme Court's decision in *Anderson*.

{¶34}  Even if *Anderson* applies to misdemeanor sentencing, *Anderson* allows a trial court to impose a prison term and a no-contact order if an express exception applies.  *Anderson* at ¶ 31.  Almost three years after the Ohio Supreme Court decided *Anderson*, the amendment to Article I, Section 10(a) of the Ohio Constitution, known as Marsy's Law, went into effect.  Among other rights, Marsy's Law affords victims the right to "reasonable protection from the accused . . . ."  Ohio Const., art. I, § 10a(A)(4).  "The victim, the attorney for the government upon request of the victim, or the victim's other lawful representative," may assert this right.  Ohio Const., art. I, § 10a(B).

{¶35} In November 2020, the Ohio Supreme Court accepted for review an appeal setting forth the following proposition of law:

> A recent Amendment to Ohio's Constitution guarantees victims the right to privacy and protection from the accused. Those new Constitutional rights require this Court to reverse its holding in *Anderson* and allow a trial court to impose a prison sentence and a no-contact order simultaneously.

*State v. Jordan*, 2020-Ohio-5332; *State v. Jordan*, 2020 WL 5659265, *3 (State's Memorandum in Support of Jurisdiction). Specifically, the jurisdictional memorandum cited the victim's right to "reasonable protection from the accused" under Marsy's Law. Ohio Const., art. I, § 10a(A)(4). The following month, the Court vacated its decision accepting the appeal and declined jurisdiction. *State v. Jordan*, 2020-Ohio-6985.

{¶36} As of the issuance of this decision, I am aware of no precedent (Ohio Supreme Court or otherwise) that has held that Marsy's Law created an exception to *Anderson*, such that courts can now impose a prison term and a no-contact order for the same felony offense if the victim requests a no-contact order. Meanwhile, over ten years have passed since the Court decided *Anderson*, and advances in technology now allow imprisoned defendants to contact their victims in new ways. *See, e.g.*, *State v. Nickell*, 2025-Ohio-1232, ¶ 113 (4th Dist.). For example, some inmates receive tablets with communication abilities. *Id.* As the Fourth District has noted, there is a "legitimate need for no-contact orders in conjunction with prison sentences," and I "welcome further review in this matter and encourage legislative action to address this situation." *State v. Trimble*, 2021-Ohio-2609, ¶ 11 (4th Dist.).

{¶37} For the foregoing reasons, I respectfully concur with the majority's disposition of the first assignment of error, and concur in judgment only with the majority's disposition of the second assignment of error.

APPEARANCES:

JOHN KOPASAKIS, Attorney at Law, for Appellant.

MICHELLE NEDWICK, Prosecuting Attorney, for Appellee.